## BEAGLES *v.* SEFTON.

Suit by the assignee against the latter of two assignors of a note. Answer, under oath, that the defendant was only the agent of the prior assignor, &c., but was required by the plaintiff to place his name upon the back of the note, which he did "in blank," though he was not to be liable; and, therefore, he denied the assignment. The paragraph having been demurred to, the demurrer was sustained as to the special facts, but overruled as to the mere denial of the assignment.

*Held*, that the paragraph was indivisible.

*Held*, also, that it was insufficient.

The defendant further answered, that the plaintiff paid to *A.* for said note the sum of 360 dollars, and no more. Verification. The note called for 400 dollars, besides interest. *Held*, that the paragraph, even if valid as a bar to

part of the note, was no bar to the suit; but, *held*, that it was not valid as to any part of the note.

A party sued as assignee of a note, by not denying the assignment under oath, admits it.

Illegal proof of what need not have been proved at all, will not vitiate a verdict.

The Court below, after the argument of a cause had commenced, allowed the plaintiff to give an item of evidence. *Held*, that the matter was within the discretion of the Court.

Suit by the assignee against the assignor of a note, made payable without relief from valuation laws. Judgment, payable without relief, &c. *Held*, that the judgment was right.

*May Term,*
**1856.**

BEAGLES
v.
SEFTON.

APPEAL from the *Decatur* Court of Common Pleas.

*Friday,*
*May 30.*

PERKINS, J.—*Sefton* sued *Beagles*, as the assignor of a promissory note, after failing to recover against the maker. *Beagles* was the second and last assignor. One paragraph of his answer was a special denial of the assignment, and was sworn to. It averred, in substance, that he was, in fact, only the agent of the prior assignor in the transaction, but was required by *Sefton* to place his name upon the back of the note, which he did "in blank," though he was not to be liable. His name upon the note is immediately under that of the prior assignor. Upon these facts he denied the assignment.

The paragraph was demurred to, and the demurrer sustained as to the special facts, but overruled as to the simple denial of the assignment.

The paragraph can not be divided. It must be disposed of as a whole. The general denial is only sworn to as the defendant's conclusion from the special facts, and the Court should not assume to convert his oath into an absolute one.

The paragraph, then, amounts to this, that the defendant indorsed the note in blank, but with the condition that he was not to be liable upon it. In this view it constituted no defence. The condition could not be established by parol proof. *Wilson* v. *Black*, 6 Blackf. 509.— *Harvey* v. *Laflin*, 2 Ind. R. 477.

The remaining paragraphs of the answer were, the general denial, and a special one as follows: "Further answering, said defendant says, that said plaintiff paid to

said *Mitchell* for said note, the sum of 360 dollars, and no more; and this he is ready to verify." The note called for 400 dollars, besides interest accrued.

The paragraph constitutes no bar to the suit, even if valid as a defence to a part of the claim, and should not have been set up as such bar; *Voorhies'* Code, p. 159; but the defence, as to a part, is not applicable to the suit. The plaintiff complains of the defendant as the assignor of the note. The defendant answers that the plaintiff paid a third person a sum of money for the note. This, as a separate defence, is no answer to the complaint. See 8 Blackf. 138.

On the trial, the plaintiff attempted to prove the assignment of the defendant, and, for the purpose, introduced a witness, who testified, from a comparison of specimens, that the assignment was made by the defendant. This evidence was objected to, but the evidence was unnecessary. The assignment was not denied on oath, and, hence, was admitted. The verified plea was demurred to, and was bad. Illegal proof, if that given be such, of what need not be proved at all, will not vitiate a verdict.

The Court permitted the plaintiff to give an item of evidence, after the commencement of the argument of the cause. It was in the discretion of the Court to do so, and no abuse appears.

The note was payable without relief, &c., and the Court gave judgment accordingly against the assignor.

This was right. The assignor's agreement was that the maker should pay the note according to its tenor, if prosecuted with due diligence; or, in default of such payment, that he would so pay it himself. His contract of assignment made him a guarantor, upon certain conditions, of the contract in the note.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*J. S. Scobey* and *W. Cumback*, for the appellant.

*J. Gavin* and *J. R. Coverdill*, for the appellee.