Lehman v. Hawks *et al.*

No. 14,011.

LEHMAN *v.* HAWKS ET AL.

INSTRUCTIONS TO JURY.—*Written Instructions.*—*Oral Statement by Court to Jury.*—*When Proper.*—Where a proper request was made that all the instructions to the jury should be given in writing, and all the instructions given before the jury retired were in writing, and afterwards the jury returned with an informal verdict, and the court orally directed the jury to retire and bring in a verdict covering the issues in the case, *Held,* that the court committed no error in making said oral statement; that it was not an instruction in the true sense of the word.

SAME.—*Definition of an Instruction.*—An instruction is an exposition of the principles of law applicable to a case, or some branch or phase of a case, which the jury are bound to apply in order to render a verdict, establishing the rights of the parties in accordance with the facts proven.

SAME.—*Husband and Wife.*—*Fraudulent Conveyance.*—*Secret Trust.*—*Rights of Creditors.*— *What they May Show.*—When a husband conveys his lands to his wife under the pretext of having held the title in trust, his creditor having a mortgage upon the land prior to and at the time of such conveyance, or a judgment creditor, can show that no such trust existed, and such conveyance was made for the purpose of defrauding his creditors. An instruction announcing a contrary doctrine was properly refused.

SAME.—*Absence of Instruction.*—*Presumption.*—When all the instructions do not appear in the record, it must be presumed that the court gave to the jury all necessary and proper instructions. Instructions are to be considered as a whole, and not separately. The refusal of the court to modify certain instructions can not be considered on appeal when all the instructions are not in the record.

From the Elkhart Circuit Court.

*H. C. Dodge, R. M. Johnson* and *E. G. Herr,* for appellant.

*J. H. Baker* and *F. E. Baker,* for appellees.

OLDS, J.—The appellees brought suit against Lewis H. Lehman and the appellant, Polly Lehman, his wife, to foreclose a mortgage given by Lewis H. Lehman alone, upon certain real estate, the title to which was in Lewis H., of record. Lewis H. answered in general denial. Appellant answered

the complaint in denial, and filed a cross-complaint alleging that Lewis H. held the title to the real estate in trust for her, and that appellees had notice of said trust. Appellees answered the cross-complaint in denial. There was a trial and a decree of foreclosure entered. Appellant obtained a new trial, as of right, on her cross-complaint, and the issues joined on the cross-complaint were submitted to a jury for trial, and trial had, resulting in a verdict and judgment for appellees.

The first error assigned, of which appellant makes complaint, is the giving of what is contended to be oral instructions to the jury. Appellant made a proper request that the instructions given by the court be reduced to writing, and all the instructions given to the jury before they retired for deliberation were in writing. The jury returned into court with a general verdict in favor of the defendants, who were mortgagees, naming them, together with the answers to interrogatories submitted.

The appellant objected to the verdict being received and recorded as the verdict of the jury, and said answers to interrogatories being received, because said verdict did not decide between all the parties to the case. Whereupon, the court ordered said jury to retire to the jury-room and consider of their verdict; that before the jury retired to consider anew of their verdict, the court orally stated to the jury " that it was their duty to find upon the issue between the plaintiff and Lewis H. Lehman; that they must determine as between them either for or against the said Polly Lehman." To which action of the court counsel for appellant, at the time, objected and excepted.

Before the jury retired to deliberate they were instructed in writing, the instructions are not in the record. The presumption is that the court instructed the jury upon all the issues in the case. The jury returns with an informal verdict, and the statement to the jury complained of is a mere direction to them to retire and bring in a verdict covering

the issues in the case, either for or against the plaintiff in the cross-complaint.

Directions given to the jury in regard to answering interrogatories are held not to be instructions, such as are required to be in writing. *Trentman* v. *Wiley*, 85 Ind. 33.

In *McCallister* v. *Mount*, 73 Ind. 559, the court says : "A direction to retire with their bailiff; to. separate for their meals; to seal up their verdict; to abstain from talking among themselves or with others; to sign their general verdict, or to answer interrogatories, are not instructions within the meaning of the law."

In the case of *Lawler* v. *McPheeters*, 73 Ind. 577, it is said : " Instructions proper are directions in reference to the law of the case."

In the case of *Stanley* v. *Sutherland*, 54 Ind. 339, the court was requested to instruct the jury in writing before any evidence was introduced. The defendant introduced certain evidence, to which the plaintiff objected, and the court said to the jury : " Gentlemen of the jury, I instruct you that this evidence will have no bearing on the case unless the plaintiff is connected with it in some way, or the facts brought to the knowledge of the plaintiff," and it was held that such statement to the jury did not constitute an instruction within the meaning of the statute requiring instructions to be given in writing.

Bouvier, in defining the word " charge," says : " Charging a jury is stating the precise principles of law applicable to the case immediately in question." Bouvier's Law Dictionary ; *Dodd* v. *Moore*, 91 Ind. 522, and authorities there cited.

Literally, the word " instruction " may apply to any direction given to a jury by the court, but as used in the statute making it incumbent on the court to reduce its instructions to writing, it relates to the law of the case, and may properly be said to mean an exposition of the principles of the law applicable to the case, or some branch or phase of

the case which the jury are bound to apply in order to render a verdict establishing the rights of the parties in accordance with the facts proven.

The statement to the jury complained of in this case is not an exposition of any principle of law which the jury are required to apply to any facts in the case. The jury was not directed to find a verdict for one party or the other, there was. no statement of any principle of law which they were to apply ; it was a statement of a fact to them, which is within the knowledge of every person, that they must find a verdict for one party or the other, between whom issue is joined. They must find either for or against the plaintiff in the cross-complaint ; but no rules of law were stated by which the jury should be governed in reaching such a verdict. The presumption is that such as were to govern them had been given to them before they retired to deliberate. The court committed no error in making the oral statement to the jury.

The next error discussed is the refusal of the court to .give the following instruction :

" If the jury find from the evidence that Polly Lehman, in good faith, at and previous to April 21st, 1884, claimed that Lewis H. Lehman held the legal title to the land mentioned in the mortgage in suit, and if the jury find the further fact that on the 21st day of April, 1884, the said Lewis H. Lehman acknowledged the trust claimed by Polly Lehman, and if you further find that on the said 21st day of April, 1884, the said Lewis, in recognition of said trust, deeded said land to Ruel M. Johnson, to be by said Johnson transferred to said Polly Lehman, and if said Johnson did at said day transfer the legal title to Polly, the defendants in the cross-complaint, Cephas Hawks, Ebenezer Hawks and Pichey Messich, or Lewis H. Lehman, can not now litigate the question as to whether or not the said trust claimed actually existed."

The mortgage sought to be foreclosed in this case was executed on June 23d, 1883. At the time the debt was created

and the mortgage security given, the land mortgaged was in the name of the husband.  Ten months after the execution of the mortgage, the wife makes a claim that the husband held the land in trust for her, and he acknowledges the trust and conveys the land to her, and it is said in support of this instruction that the mortgagees, the creditors of the husband, can not controvert the fact that a trust existed, and show that the claim of the wife was a mere subterfuge; that it had no existence in fact; that it was a scheme on her part, and acquiesced in by her husband, to defraud his creditors. We are cited to some authorities where it is held, as against judgment creditors and persons whose debts were contracted after the execution of the trust, that they can not object to the execution or validity of the trust for the reason that it is a parol trust and could not be enforced, though the *cestui que* trust could not compel its performance, yet if the trustee performed and executed the trust it was valid, but that does not present the question involved in this case.

We think the doctrine can not be maintained that when a husband conveys his lands to his wife, under the pretext of having held the title in trust, his creditor, having a mortgage upon the land prior to and at the time of such conveyance, or even a judgment creditor, can not show that no such trust existed and such conveyance was made for the purpose of defrauding his creditors, and that is, in effect, the doctrine stated in the instruction asked, and it was properly refused by the court.  The mortgagees had the right to sustain their mortgage, both on the ground that no trust existed and that the conveyance was made to defraud creditors, and that they were innocent purchasers, without notice of the trust, for value.

The next objection urged is the refusal of the court to modify certain instructions given, which were to the effect that if the defendants were mortgagees for value, while the title to the land was in the husband, they would be entitled

to recover unless they, or one of them, had notice of the trust before they took the mortgage, and the appellant, by her counsel, moved the court to modify the instructions, so as to instruct the jury to the effect that if the mortgagees, or either one of them, knew of the trust, " or knew of facts which if followed up by inquiries of and concerning facts which they did know, would have led to such knowledge," they would be bound by the trust, and the appellant would be entitled to recover.

There are only such instructions set out in the record as were excepted to. It does not appear from the record what other instructions were given.

The presumption is in favor of the ruling of the lower court. From anything that appears in the record the court may have instructed the jury fully as to what facts would put the mortgagees upon inquiry and under what circumstances they would be bound to make inquiry, and if from inquiry they might have ascertained the facts, they would be held to have such information as might have been ascertained upon inquiry, and for that reason refused to modify the instruction as requested.

In the case of *Ford* v. *Ford*, 110 Ind 89, the court says : " Some instructions asked by the appellant, and refused by the court, are set out in the record. Error is predicated upon the refusal of the court to give the instructions requested. The bill of exceptions, in which the instructions requested are embodied, recites that the court of its own motion gave oral instructions to the jury. The record fails to disclose what the instructions thus given were. In the absence of anything to show the contrary, we must presume that the court gave to the jury all necessary and proper instructions."

In accordance with the rule as stated, we must presume that the court gave to the jury all necessary and proper instructions. If it appeared that all the instructions given by the court were set out in the record it could then be ascertained whether or not the court had instructed the jury upon

the proposition requested by the appellant in her motion to modify the instructions.

Instructions given by the court are to be considered as a a whole, and not separately. What might appear to be erroneous when considering one instruction, would not be when such instruction is read in connection with all the others given; and what would seem to be a proper modification of an instruction when considered by itself, may not be, or it may be, unnecessary when all of the instructions are considered together. It not appearing by the record in this case that all of the instructions given are embodied in the record, the question sought to be presented by counsel is not properly before the court.

Other objections are urged to the instructions, but for the reason given we do not consider them.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

MITCHELL, C. J., took no part in the decision of this case.

