CHARLES CUMMINGS V. STATE OF NEBRASKA.

FILED JANUARY 7, 1897.    No. 8681.

1. **Criminal Law: INTENT: EVIDENCE.** In a criminal case where the intention of the accused is a material fact, and he takes the stand on his own behalf, he may be asked directly what was his intention with regard to the act complained of.

2. ———: INSTRUCTIONS. An instruction in a criminal prosecution that if the jury should find the facts essential to establish guilt they should acquit, but if such facts had not been proven they should convict, is erroneous and ground for reversal, although it may be apparent to this court that the trial court unintentionally transposed the words "convict" and "acquit."

ERROR to the district court for Douglas county. Tried below before SCOTT, J. *Reversed.*

*Mahoney & Smyth,* for plaintiff in error.

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,* for the state.

IRVINE, C.

The plaintiff in error was informed against for murder in the second degree. He was convicted of man-

slaughter and brings the case here through writ of error. The plaintiff in error was an employe in a drinking saloon and billiard room. The deceased, with several companions, was in the room and became involved in an altercation with the plaintiff in error, which resulted in the plaintiff in error's striking the deceased upon the head with a billiard cue, producing death. There was evidence tending to show that the blow was provoked by an attack made upon the plaintiff in error by the deceased. The plaintiff in error was sworn on his own behalf and was asked: "What intention did you have in striking back that blow at that time?" An objection to this question was sustained and the offer was made "to prove by the witness that he had the intention, and only the intention, of warding off the blow which was made at him, and to prevent what he believed to be a threatened repetition of it." The court then sustained the objection, saying: "The defendant can introduce all the facts tending to show the reason why he used that billiard cue, but he cannot give any secret thoughts he may have had in his mind as to the intent." This ruling is assigned as error.

In *Campbell v. Holland*, 22 Neb., 587, the action involved the issue as to whether a certain conveyance had been made to defraud creditors, and the court held that in such a case it is competent to inquire of the vendor whether, in making the transfer, he intended to delay or defraud creditors. *Jonasen v. Kennedy*, 39 Neb., 313, was an action for malicious prosecution, and it was held that it was competent to ask the defendant whether, in making the complaint, he acted with any malice toward the plaintiff. These cases were followed in *Laing v. Nelson*, 40 Neb., 252. If in a civil case where the intent of a party is material, it is competent to inquire directly of him as a witness in regard to such intent, we cannot see why it is not proper in a criminal prosecution. The defense here interposed was self-defense, and the intent and purpose of the plaintiff in error were material inquiries.

Where such evidence is rejected, it is because it is hearsay or because it involves an inference which should be for the jury, and not the witness, to draw. Were it a generally accepted fact of science that a third person might, by his own senses, and not merely by the acts .or words of another, ascertain the thoughts of that other, as we know by his senses he may ascertain his acts, it would certainly be competent to ask that third person to state the thoughts of the one under investigation, as he now details his acts. The statute making the defendant in a criminal prosecution a competent witness, there is certainly no reason why he may not testify to his own intent. That is on his part a matter of personal knowledge as much as the things he perceives through his organs of sense. Of course, on account of his interest in the result and the impossibility of contradicting him, such testimony may be entitled to very little weight, but this is a question for the jury. The evidence is admissible for whatever it may be worth.

The court gave the following instruction: "The facts necessary for the state to prove beyond a reasonable doubt to warrant a conviction of the crime charged, are, that Jed Vance once lived; that he is now dead; that at and within the county of Douglas and state of Nebraska, and at some time prior to the commencement of this prosecution, the defendant purposely, maliciously, and feloniously caused the death of the said Jed Vance by striking him on the head with a billiard cue; and that at sometime within a year and a day thereafter said Jed Vance died from the effect of such blow. If these facts have been proven beyond a reasonable doubt you should acquit the defendant of the crime charged. If these facts have not been established by the evidence beyond a reasonable doubt, you should convict him of the crime charged." By this instruction the jury was told that it should acquit if the crime was proved and convict if it was not proved beyond a reasonable doubt. It is quite clear to us that the court, in giving this instruction, committed

merely a clerical error in writing it out, and unintention-
ally transposed the words "convict" and "acquit." But
we can hardly presume, especially in a criminal case, that
the jury could not thereby have been misled. Whatever
the intent of the court was, the instruction as given to
the jury was wrong.

For the errors indicated the judgment must be reversed.

REVERSED AND REMANDED.