## HAMPTON *v.* THE STATE.

[No. 19,967. Filed May 19, 1903.]

CRIMINAL LAW.—*Incorrect Instruction.—Use of "Consistent" Instead of "Inconsistent."*—An instruction on circumstancial evidence, given to the jury in a criminal prosecution, that "the proof must not only coincide with the hypothesis of guilt, but it must be consistent with every other reasonable conclusion" was erroneous, and prejudicial error.

From Hendricks Circuit Court; *T. J. Cofer,* Judge.

Charles Hampton was convicted of murder in the second degree, and appeals. *Reversed.*

*O. E. Gulley, T. S. Adams, John McCormick, E. G. Hogate* and *J. L. Clark,* for appellant.

*C. W. Miller,* Attorney-General, *W. C. Geake, C. C. Hadley, G. W. Brill, G. C. Harvey* and *Everett Cooper,* for State.

GILLETT, J.—Appellant and three other persons were charged by indictment with the commission of murder in the first degree. Upon a separate trial, appellant was convicted of murder in the second degree, and it was adjudged that he be confined in the state prison during the term of his natural life.

There is but one assignment of error—that the court below erred in overruling appellant's motion for a new trial. A number of rulings relative to the admission of testimony have been presented for our consideration. As the case must be reversed on another ground, we have concluded that it will suffice to say concerning the evidence that proof of the acts of third persons, done after the commission of the offense, that are no part of the *res gestae* thereof, is not ordinarily admissible; and that proof of the declarations of third persons is inadmissible, if made after the commission of the crime, unless the declarations are within some exception to the rule excluding hearsay, as where there is *prima facie* evidence of some further conspiracy with which the defendant is connected, as to prevent suspicion from attaching to the guilty parties, or otherwise to enable them to escape justice, in which event declarations uttered in the effort to aid or carry forward the design of such conspiracy are admissible. See, upon these subjects, *Musser* v. *State,* 157 Ind. 423; *Miller* v. *Dayton,* 57 Iowa 423, 10 N. W. 814; *Scott* v. *State,* 30 Ala. 503; Best, Evidence, §506, *et seq.*

Our conclusion that the cause must be reversed is based on the giving of instruction number ten by the trial court. The

latter part of said instruction reads as follows: "The force of circumstantial evidence being exclusive in its character, the mere coincidence of a given number of circumstances with the hypothesis of guilt, or that they would account for or concur with or render possible the guilt of the accused, is not admissible as a test, unless the circumstances rise to such a degree of cogency and force as, in the order of natural cause and effect, to exclude, to a moral certainty, every other hypothesis except the single one of guilt. The proof must not only coincide with the hypothesis of guilt, but it must be consistent with every other reasonable conclusion." In the above instruction it is apparent that the court below inadvertently used the word "consistent" instead of "inconsistent." That the instruction was erroneous, as given, is very clear.

As said in *People* v. *Gosset,* 93 Cal. 641, 643, 29 Pac. 246, in passing upon a somewhat similar instruction: "We see no objection to the instructions of the court to the jury except on the subject of reasonable doubt. The charge on that subject was generally correct and sufficient, because it employed language that has been repeatedly approved; but in one part of it the court, after telling the jury that a mere preponderance of evidence was not sufficient, said: 'And on the other hand, it is not required that the inculpatory facts shall be incompatible with the innocence of the accused.' This was clearly erroneous. If the facts proved were compatible with the appellant's innocence, he should have been acquitted. It is a recognized principle of English and American law, that in order to convict a defendant the facts proved must not only be consistent with the hypothesis of guilt, but inconsistent with any reasonable hypothesis of his innocence."

No general rule can be laid down for every case in which wrong words have inadvertently been used in instructions. But in this case—resting, as it does, upon circumstantial

evidence—the conclusion is unavoidable that an instruction upon that subject which directly contradicted itself was prejudicial to appellant. He was entitled, at least if he had asked it, to an instruction which would illumine the minds of the jurors as to what was required to warrant a conviction upon such evidence, and he justly complains of an instruction upon that subject that strongly tended to confuse them. See, as to contradictory instructions, *Wenning* v. *Teeple*, 144 Ind. 189, and cases cited; *Cummings* v. *State*, 50 Neb. 274, 69 N. W. 756; *Pickett* v. *State*, 12 Tex. App. 86; *Clare* v. *People*, 9 Colo. 122, 10 Pac. 799. As said in the case last cited: "It is no answer that other portions of the charge, and even other parts of the same instruction, stated correctly the law upon the subject of reasonable doubt. Where the charge in a criminal case contains in one part an important correct legal proposition, and in another an incorrect and conflicting proposition upon the same subject, the subject referred to being material to conviction, it can not be said that the error is avoided; for it is impossible to know upon which proposition the jury relied."

Many other questions are presented by appellant's counsel as grounds for a new trial, but we have concluded that it is unnecessary to consider them.

The judgment is reversed, with a direction to the court below to grant a new trial.

Hadley, C. J., did not participate.