The court observed that the cross petitioners have asked for the sale of the premises. The court will grant leave to the plaintiff to amend its petition if it so desires, and ask to have foreclosure of its mortgage upon the lot in question. If it does so, its lien, according to our holding herein will be the first and best lien upon the premises, and the lien of the executors of Chambers will be the second best lien, and the lien of Miller, the third.

We make this suggestion to the plaintiff for the reason that it would be able any way should the court grant the prayer for the sale of the premises as asked for by the cross petitioners, and we feel it would be more regular to amend its petitions and ask for a foreclosure as herein suggested.

---

### INDIVIDUAL PROPERTY OWNERS GIVEN INJUNCTIVE RELIEF AGAINST VIOLATION OF AN ORDINANCE.

Common Pleas Court of Franklin County.

MARY B. DAVIS ET AL v. HARVEY S. SCHMIDT ET AL.

Decided, February 14, 1921.

*Nuisance—Ordinance Governing Location and Operation of Public Garages—Violation of Enjoined by Abutting Property Owner—Ordinances Imposing a Duty with Reference to Indivuals Rather Than the Whole Public.*

An ordinance making the consent of a prescribed proportion of the abutting property owners within a specified distance a prerequisite to the construction or operation of a public automobile garage is not for the benefit of the public at large but for the protection of individuals whose property is within the prescribed zone, and injunction lies upon petition of an abutting owner within the prohibited area against the erection as well as the operation of such a garage.

*Booth, Keating, Pomerene & Boulger,* for plaintiffs.
*Webber, McCoy & Jones,* for defendants

ROGERS, J.

The case is submitted to the court to determine the form of the final decree. It appears that defendant, Schmidt, is about to erect a public automobile garage on East Town street in the city of Columbus, Ohio, in violation of an ordinance of the city. The ordinance, so far as pertinent, provides:

"That it shall be unlawful for any person * * * to locate, build, erect, construct, maintain. or operate any public automobile garage on, or within 187½ feet from the curb line of any street in the city or to construct or maintain a public driveway or thoroughfare from the street over the curb and sidewalk to such garage when three-fourths of the buildings on both sides of the street for a distance of 500 feet in either direction from the proposed location of each wall of such garage are used exclusively for residence purposes, without first securing the written consent of two-thirds of the owners of property abutting on the street for a distance of 500 feet in each direction from the median line of such proposed garage according to the frontage on both sides of the street."

The main contention is as to whether plaintiffs who are owners of property within the prescribed 500 feet from the median line of the proposed garage are entitled to have defendant, Schmidt, enjoined from locating, building, erecting and constructing the threatened public garage. In the concrete, as I conceive the claim of defendants' counsel, it is this: that the threatened violation confers no civil remedial right upon the plaintiffs to enjoin the construction of the building in question; that, while they may enjoin the use of it for the proposed purpose, on the ground of nuisance, as set forth in their petition, they have no right of injunctive relief as against the erection of the structure itself, because the ordinance is about to be violated and they are about to be injured by such breach of the ordinance. No question is made as to the validity of the ordinance and I have taken for

granted its legal sufficiency as a prohibitive measure against doing those things therein recited.

The question, then, is whether there is a duty imposed upon the defendant by the ordinance for the protection and benefit of plaintiffs, which, if about to be violated by defendant, plaintiffs may have as against the violator a remedial right of relief by injunction for the breach, provided, of course, that the plaintiffs show irreparable injury. Speaking generally, the violation of an ordinance of a municipality gives no right of private action to anyone even though injury results from such violation. See 28 Cyc. 830, and cases. This general rule, however, has its exceptions and modifications which are as well established as the rule itself. I have found no better statement of the rule with its modifications than the pronouncement of Cooley, J.. in *Taylor v. R. R. Co.*, 45 Mich. 74. In this case suit was brought to recover damakes against the defendant, an abutting property owner on the street, for injuries resulting to the plaintiff from the defendant's failure to keep its sidewalk free from snow and ice in violation of an ordinance enjoining that duty upon abutting property owners. The second syllabus is as follows:

"Breaches of public duty must be punished in some form of public prosecution, and not by way of individual recovery of damages; though when the duty imposed is for the protection or benefit of a particular individual or class, as well as for that of the public, there may be an individual right of action, as well as a public prosecution."

The same principle is announced in the opinion of Matthews, J., in *Hayes v. R. R. Co.*, 111 U. S. 228, at page 240, where, by reason of defendant's failure to build a fence along its right of way in a municipality, in violation of a city ordinance to that effect, plaintiff thereby was injured. Mr. Justice Matthews speaking of the duty to the plaintiff imposed upon defendant by the ordinance said:

"The duty is due, not to the city as a municipal body, but to the public considered as composed of individual persons; and such

persons specially injured by this breach of the obligation are entitled to individual compensation and to any action for its recovery."

The case, therefore, resolves itself into this: Is the nature of the duty imposed by this ordinance and the benefits accomplished through its performance a duty to the public in part or exclusively, or is it a duty imposed wholly or in part for the protection and benefit of the individuals whose property is intended.to be protected as against the erection and use of the threatened public garage? If the latter, according to the above authorities, plaintiffs, if they will sustain irreparable injury, are entitled to enjoin the erection of the structure, as in violation of the ordinance. From an examination of the ordinance and its purposes I am inclined to the opinion that the ordinance imposed the duty upon the defendant as a duty to and for the benefit of the individuals as members of the public, within the area contemplated to be protected against such prohibited structures, and not as a duty to the whole public of the city. Furthermore, the facts show irreparable injury to the persons within the territory protected by the ordinance if the structure is built. Hence, I am of the opinion that on the case made not only the use of such garage may be enjoined, but also its construction.

While the principle set forth in the last two cases was announced in suits at law, there is no reason why it should not be applied when a case in equity is made. If the ordinance imposes a duty for the protection and benefit of individuals whose property is within the area protected, as distinguished from the municipality or public as a whole, then the individual, when there is a threatened or actual breach of such duty, and thereby special injury is about to or has resulted to the individual, has a right of private redress either in equity or law as the facts warrant. In support of this opinion the following cases are cited: *Bank* v. *Sarlls*, 129 Ind., 201; *Baumgartner* v. *Hasly*, 160 Ind., 575; *Griswold* v. *Brega*, 160 Ill., 490; *Bott* v. *Pratt*, 33 Minn., 323; *Rohrback* v. *Cavallini*, 210 Ill., App. 182; *Patter-*

son v. *Johnson,* 214 Ill., 480; *Bangs* v. *Dworak,* 75 Neb., 714; *O'Bryan* v. *Highland Apartment Co.,* 128 Ky., 282.

It is true that an act will not be restrained by injunction merely because it is illegal as being in violation of an ordinance, but when it is shown that the infliction of injury is to the individual, which injury is cognizable in a court of equity, equitable redress will be afforded the injured party.

I am aware that there are decisions in Ohio, some of which, at least, appear to declare that no civil remedy may accrue to an individual injured in consequence of the violation of an ordinance. These cases in the main, however, may be classed abong those where the duty imposed by the respective ordinances was to the municipality as an entity, and not to the individuals composing the municipality. In *VanDyke* v. *Cincinnati,* 1 Disn., 532; *Chambers* v. *Life Insurance Co.,* 1 Disn., 327; and *Board of Trustees* v. *Tipling,* 17 C. C. (N.S.), 117, the respective ordinances created no civil liability in favor of the individuals suing for the breach. These cases arose out of failure to obey municipal ordinances enjoining duties to, and to be performed for, the respective municipalities, and not for the benefit of the respective individual suing. No duty was imposed by the ordinances for the protection or benefit of the particular individuals seeking to enforce remedies for their violation. Not so, however. in respect to the ordinance in question. It was adopted for the protection and benefit of the individuals whose residence property came within the prescribed zone to be protected. I will not attempt to reconcile all the cases decided in Ohio.

An interesting discussion of this subject is found in the notes to 5 L. R. A. (N. S.), beginning at page 186, and especially at page 262 *et seq.,* where many of the cases are reviewed. The author of the annotations refers, among others, to the Minnesota cases, where the principle that no liability accrues to the individual injured by the breach of an ordinance has been repudiated.

The Supreme Court of that state has declared, in substance, that there is no reason why a municipal ordinance passed for the benefit and protection of persons pursuant to a charter, and

not inconsistent with the general laws, should not be held to impose such a legal duty, obligatory upon all coming within the municipal limits, that a civil action for damages might be maintained for a breach thereof, as in cases of like breaches of statutory duty. And I see no reason, if in a proper case, the breach of the ordinance may be the basis for damages, why, in case irreparable damages are threatened, equitable interference by injunction may not be had to prevent the threatened injury to individuals whose private rights are about to be invaded.

In conclusion, I am of the opinion that plaintiff is entitled to enjoin not only the use of the structure, if built, but also the construction itself. Accordingly the decree prepared by plaintiffs is passed for record.