## CUNACOFF v. STATE OF INDIANA.

[No. 24,021. Filed March 29, 1923.]

1. CRIMINAL LAW.—*Determination of Law and Facts.—Instructions.*—In a criminal prosecution, an instruction that the jury has the right to determine both the law and facts of the case, "but it is your duty to administer the law in this case as you actually find it to be, regardless of the fact as to whether or not you think the law is what it should be, and you are not at liberty to set aside the law and disregard it for any reason," and "these instructions * * * are not to bind your consciences, but to enlighten your judgment," *held* not objectionable as taking from the jury the right to find the law from some source other than the court's instruction. p. 63.

2. SEDUCTION.— *Age of Prosecuting Witness.— Evidence.— Sufficiency.*—In a prosecution for seduction, evidence *held* sufficient to establish the fact that the prosecuting witness was under the age of twenty-one years at the time of the offense. p. 63.

From Lake Criminal Court; *Martin J. Smith,* Judge.

Prosecution by the State of Indiana against Phillip A. Cunacoff. From a judgment of conviction, the defendant appeals. *Affirmed.*

*William J. McAleer, Francis J. Dorsey* and *Gerald A. Gillett,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin · White,* Deputy Attorney-General, for the State.

TOWNSEND, J.—Appellant was convicted of seduction. He claims error in the following instruction: "No. 16. Under the Constitution of Indiana, you are given the right to determine both the law and the facts of the case, but it is your duty to administer the law in this case as you actually find it to be, regardless of the fact as to whether or not you think the law is what it should be, and you are not at liberty to set aside the law and disregard it for any reason. These instructions of the

court are not to bind your consciences, but are to enlighten your judgment, and it is your sworn duty to follow and administer the law regardless of the consequences. If you have no well-defined opinion as to what the law is, then it is your duty to give the instructions of the court your respectful consideration."

The complaint about this instruction is that it tells the jurors to administer the law as they actually find it to be, regardless of whether or not they think

1. the law is what it should be. This admonition is not only good for jurors, but also for courts and all persons who have to do with the administration of laws, as well as for citizens who should obey laws. Laws are made to be applied and enforced, and no one has a right to set aside that which is, and to substitute what he thinks should be, except the law-making body elected for that purpose. Appellant says that telling the jurors to apply the law as they found it to be in effect told them to take the law from the court. That is to say, it took from them the right to find the law from some other source than the court's instructions. This contention is made, notwithstanding the fact that the court told the jurors that his instructions were not to bind their consciences, and that they had a right to determine both the law and the facts in the case. This instruction does not warrant the construction that appellant seeks to put upon it. It was not error to give it.

Appellant next claims error in an instruction attempting to define "reasonable doubt." It is the same instruction which this court considered at this term

2. in the case of *Boughan* v. *State* (1923), *post* 66. In the instant case the instruction is immediately preceded and followed by a reasonably accurate definition of "reasonable doubt." It is the contention of the appellant that the evidence of guilt is not clear and that therefore we should assume that

his rights were prejudiced. We have carefully examined not only the condensed recital in his brief but also the original bill of exceptions containing the evidence. It seems to us that appellant was pretty thoroughly convicted out of his own mouth by his examination, cross-examination, and numerous letters which he wrote to the prosecuting witness. It is claimed, however, that there is such a sharp dispute as to the age of the prosecuting witness that any mistake in this instruction was prejudicial. The evidence on behalf of the state shows that the prosecuting witness lacked about four months of being twenty-one years of age at the time of the consummation of the alleged offense. The dispute as to her age arises chiefly from the docket of a justice of the peace, in a case wherein she was relatrix in a bastardy proceeding against appellant. That record says: "And it appearing to the court that said relatrix   *   *   * is over the age of 24 years." If this statement in the justice's docket is true, the prosecuting witness was not under 21 years at the time of the alleged offense. But it appears quite conclusively that some one had tampered with the justice's record. The real record seems to have been: "over the age of 21 years." The figure "1" in "21" had been transformed into a "4" with blue ink. All the rest of the record was in black ink except the figure "4"—it was half black and half blue. Prosecuting witness was corroborated as to her age by witnesses which the jury had a right to believe. This evidence was entirely sufficient to establish the fact that appellant's victim was under twenty-one years of age at the time of the offense. In the view that we take of the record, the mistake in the instruction on reasonable doubt was not prejudicial to appellant in this case.

It may be well to say that the practice of trying to define words and phrases that are pretty well understood by everybody is not a commendable one. It is apt

to lead jurors to think, when they are brought into the jury box to try a case, that new processes of reasoning and new modes of thought are to be applied. Certainly no one will very far misapprehend the meaning of "reasonable doubt." The trouble with trying to define it is that we at once need a definition of the definition. In other words, the explanation nearly always needs more explaining than the original phrase "reasonable doubt." It is interesting to note the manner in which a very profound and learned judge treated this subject in a very important case about seventy-three years ago. He said to the jury:

"Then, what is reasonable doubt? It is a term often used, probably pretty well understood, but not easily defined. It is not mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge." (Chief Justice Shaw's charge to the jury in *Commonwealth* v. *Webster* [1850], 59 Mass. [5 Cush.] 295, at 320, 52 Am. Dec. 711.)

Chief Justice Shaw's charge to the jury, extending from page 303 to and including page 325 of the above report, is a signal example of the correct way to get intricate rules of law before ordinary men in understandable words. In plain language he told that jury all the law applicable to the facts in a case where the evidence was purely circumstantial. It is a classic in its simplicity and directness. It is an example which it would be well for us all to emulate.

No reversible error appearing in the instant case, the judgment of the trial court is affirmed.