WOLFE *v.* STATE OF INDIANA.

[No. 25,149. Filed January 12, 1928. Rehearing denied March 6, 1929.]

*O'Neill & Bales, McClellan & Hensel* and *James J. Moran*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Dale F. Stansbury*, Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant, by an indictment in two counts returned by the grand jury of Delaware County, was charged in each count with the crime of murder in the first degree. It was alleged therein that he and George Anderson, on or about August 14, 1925, unlawfully, feloniously and purposely, with premeditated malice, killed and murdered Benjamin Hance by shooting him. The homicide occurred on a public highway about eleven miles from the city of Muncie. He died a short time later at a hospital in that city. Mary Hance, his wife, was shot and killed at the same time and place. Appellant entered a plea of not guilty. George Anderson, indicted with appellant, was deceased at the time of the latter's trial. The jury found that appellant was guilty of the crime of murder in the first degree and fixed his punishment at imprisonment at the Indiana State Prison for and during life. Judgment was rendered on the verdict.

The only error assigned and now presented is that the court erred in overruling appellant's motion for a new trial. In the motion for a new trial, sixty causes are stated, but only seven of same are relied upon for reversal of the judgment. The causes for a new trial will be considered in the order in which they arose during the trial, and not in the order presented in appellant's brief.

One of the witnesses for the state was Fred T. Loftin, who testified concerning dying declarations made by Benjamin Hance at the scene of the shooting. The witness was asked the following question: "I wish you would go ahead and tell the jury what he said about that?" He answered: "As I remember the question, I said, 'Who did the shooting?' He said, 'Dutch Anderson.' Whether he said 'Charles Wolfe' or 'One Arm Wolfe,' I am not quite sure, and I think I asked the question, 'Why did they do it?' He said, 'I told on them.' I said, 'Who are they, who are

these, who are Anderson and Chapman?' At that time it didn't occur to me at all. He said, 'They are highwaymen.' 'Who is Anderson?' 'Who is Wolfe?' 'Pals of Gerald Chapman.' As I remember the answer that he gave." The defendant moved to strike out the answer and certain parts of same, which motion was overruled by the court. This ruling is assigned as error. The validity of the dying declaration was questioned, but its competency as such is admitted in appellant's brief. Appellant claims that part of it should not have been admitted, because it was a narrative of a former event. That part was the statement, "I told on them," made by Hance, and referred to Anderson and Wolfe. Appellant correctly contends that the rule is that statements of facts and circumstances not immediately connected with the act of killing, but relating to previous distinct transactions, are not admissible as dying declarations. 1 R. C. L. 535, §78; Underhill, Criminal Evidence (3rd ed.) §178; Wharton, Criminal Evidence (10th ed.) §278. The name of the person who committed the homicide as well as the name of his victim may be proved by the dying declarations of the latter. *Boyle* v. *State* (1886), 105 Ind. 469, 5 N. E. 203, 55 Am. Rep. 218. It was competent for the injured party in his dying declaration to state who had shot him. It was also competent for him to state that they were highwaymen and were the pals of a well-known criminal. The only purpose of the statement, "I told on them," was to show a motive for the commission of the crime by the persons who committed it. Proof of motive is not essential to the conviction of one charged with murder, and motive may be inferred from the commission of the crime. *Hinshaw* v. *State* (1897), 147 Ind. 334, 47 N. E. 157. In the trial of this case it was not necessary for the state to show that defendant had a motive, if he com-

mitted the crime. The defendant attempted to prove an alibi and presented no other defense. The statement, "I told on them," should not have been admitted in evidence as it related to a former transaction; but the admission of same was to prove a fact which it was unnecessary to prove. Where evidence has been erroneously admitted to prove an undisputed fact the error has frequently been held nonprejudicial. 2 R. C. L. 250, §206. Illegal proof of what need not be proved at all will not vitiate a verdict. *Beagles* v. *Sefton* (1856), 7 Ind. 496, 498. The admission of immaterial evidence will be treated as harmless, unless it is made to appear that the appellant was probably injured thereby in some material respect. Ewbank, Manual of Practice (2nd ed.) §257. Where it affirmatively appears, or where it may be fairly inferred, that, in the particular case, the erroneous admission of evidence could not have influenced the verdict, the error is always to be regarded as harmless. Elliott, Appellate Procedure §641. While perhaps the courts are more likely to hesitate in applying the harmless error doctrine against one accused of crime, still, even in criminal cases, when it can be clearly seen that the accused was not prejudiced by the erroneous admission of the evidence objected to, a reversal will be refused. 2 R. C. L. 247, §205. As the alibi of defendant did not prevail, then it did not matter what motive entered into the commission of the crime. The objectionable statement erroneously admitted in evidence could not under the circumstances have changed or influenced the verdict. The error was harmless.

Appellant contends that the court erred upon the trial in permitting F. L. Thornburg, while testifying for the state, upon his direct examination, to answer, over the objection and exception of the defendant, the following question: "Did you hear distinctly what Mr. Booher told you?" To which question the

witness made the following answer: "Yes, sir, I am sure I understood what Booher told me because I remember very distinctly hearing him say 'Anderson,' but then I wasn't acquainted with the name 'Wolfe' and I said then, I says, 'Who was the second party,' and he says, 'He says his name is Wolfe.'" Mr. Booher was the marshal of Middletown and was questioning Mr. Hance prior to his removal to the hospital, and the witness was writing down the answers he made. The record does not show that any objection was made to the question, and there was no objection after the question was asked to the witness answering same. He also claims that the court erred in refusing to strike out said answer. It is not necessary to decide if the part of the evidence which Mr. Booher repeated to him, which purported to be a statement of Hance and which the witness did not hear was hearsay and incompetent. Even if not competent evidence, appellant could not have been harmed by same, as there was the competent, uncontradicted testimony of several witnesses to the same fact. The admission of incompetent evidence to prove a given fact will be treated as harmless when the same fact is fully established by competent evidence that is not contradicted. Ewbank, Manual of Practice (2nd ed.) §257.

Appellant complains of instruction No. 18, given by the court on its own motion, as being erroneous. Same reads as follows: "Any fact necessary to be proved in this case may be proved by direct evidence of eye witnesses, or by circumstantial evidence, or by both circumstantial evidence and direct evidence of eye witnesses. Circumstantial evidence is to be regarded by the jury in all cases. When it is strong and satisfactory, the jury should so consider it, neither enlarging nor belittling its force. It should have its just and fair weight with the jury and if, when it is all taken as a whole, and fairly and candidly weighed,

it convinces the guarded judgment, the jury should act upon such conviction. You are not to fancy situations or circumstances which do not appear in the evidence, but you are to make such just and reasonable inferences from the circumstances proved as the guarded judgment of a reasonable man ordinarily would make under like circumstances."

It is appellant's contention that this instruction erroneously directed the weight to be given by the jury to circumstantial evidence, placed a limitation upon the constitutional right of the jury as judges of the law and facts, disregarded the rule of reasonable doubt, and was out of harmony with that part of criminal procedure that presumes that a defendant is innocent until the contrary is proved beyond a reasonable doubt. A like instruction was approved in *Smith* v. *State* (1901), 61 Nebr. 296, 85 N. W. 52, in which the court said: "We do not think the exception (which was to the instruction) well taken. The instruction fairly states a rule applicable to the force and effect to be given circumstantial evidence. It occurs to us that it is a conservative statement of the rule announced. . . . The rule as announced has received judicial sanction in many other jurisdictions." A similar instruction was approved in *State* v. *Seymour* (1895), 94 Iowa 699, 708, 63 N. W. 661. The objections of appellant to this instruction cannot be sustained.

Objection is made to the following instruction (No. 19), given by the court on its own motion: "Evidence may be either direct or circumstantial. Direct evidence is evidence of a particular fact or circumstances which forms a subject of judicial investigation. Circumstantial evidence is evidence of other or collateral facts and circumstances from which the particular fact, which forms the subject of judicial investigation, is or may be inferred to justify a conviction of the

defendant. In any case on circumstantial evidence alone the circumstances disclosed by the evidence must be of such character and strength as to exclude every reasonable hypothesis except that of defendant's guilt; if the circumstances disclosed by the evidence can be explained on any reasonable hypothesis except that of defendant's guilt, if the circumstances disclosed by the evidence can be explained on any reasonable theory consistent with defendant's innocence, he is entitled to an acquittal. But circumstantial evidence alone is enough to support a verdict of guilty of any crime provided the jury believe beyond a reasonable doubt from the evidence given in the case that the accused is guilty as charged. The proof must not only coincide with the hypothesis of guilt, but it must be consistent with every other rational conclusion. No greater degree of certainty is required where the evidence is circumstantial than where it is direct, for, in either case, the jury must be convinced beyond a reasonable doubt of such defendant's guilt as charged." It is claimed that this instruction was wrong for the reason that the word "consistent" was used instead of the word "inconsistent" in the following sentence: "The proof must not only coincide with the hypothesis of guilt, but it must be consistent with every other rational conclusion." This court has held that where the evidence is circumstantial, the proof must not only coincide with the hypothesis of guilt, but it must be inconsistent with every other rational conclusion. *Cavender* v. *State* (1890), 126 Ind. 47, 25 N. E. 875; *Hampton* v. *State* (1903), 160 Ind. 575, 67 N. E. 442; *Robinson* v. *State* (1919), 188 Ind. 467, 124 N. E. 489. In 1 Greenleaf, Evidence (15th ed.) §34, it it said: "And where a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt, but inconsistent with any other rational conclusion." In *Hampton*

v. *State, supra,* the instruction, as does the one under consideration, stated: "The proof must not only coincide with the hypothesis of guilt, but it must be consistent with every other reasonable conclusion." The court said that it was apparent that the court below inadvertently used the word "consistent" instead of "inconsistent" and that it was very clear that the instruction as given was erroneous. In that case, the judgment was reversed on account of the error in the in-instruction; but the verdict was based upon circumstantial evidence. Instruction No. 19 was both contradictory and erroneous.

But, in the instant case, it cannot be said that the defendant was convicted entirely upon circumstantial evidence. Appellant's brief contains the following statements:—"The State relied for conviction upon the dying declaration of the man who was shot, together with testimony of persons who claimed they had seen the appellant at points from one mile to nine miles away from the place of the tragedy. Appellant at first objected to the detailing of the dying statement offered by the State, but when it was disclosed that the dying declaration was obtained under such circumstances as would justify the court in admitting it in evidence, he did not press his objections further." It will be noted that the court was instructing on the subject of "circumstantial evidence alone," when the objectionable statement was made. Dying declarations constitute direct evidence of the facts they are relevant to prove as distinguished from circumstantial evidence of such facts. Underhill, Criminal Evidence §170; *State* v. *Sexton* (1898), 147 Mo. 89, 48 S. W. 452. In his dying declaration, Benjamin Hance stated that he was shot by Dutch Anderson and Charles Wolfe. By Dutch Anderson was meant George Anderson, who was jointly indicted with appellant. That evidence was

direct and not circumstantial. There was evidence by a witness who saw what happened that Hance and his wife were shot by one man, and another man who was with him said: "Come on, let's get out of here," and that they got in an automobile and left. That evidence and the evidence that appellant had been seen at points from one to nine miles away from where the murder was committed and near that time was circumstantial and merely in corroboration of the direct evidence. In 1 Branson, Instructions to Juries (2nd ed.) §54, it is said: "Instructions on circumstantial evidence should be given where the case of the state is based wholly on circumstantial evidence, but not where the evidence of guilt is direct and positive, or where some evidence is direct and some circumstantial." In 1 Randall, Instructions to Juries §227, the following is stated: "So, where the state relies on direct evidence of the offense charged, and circumstantial evidence is introduced only for the purpose of corroboration, it is not error to refuse to instruct as to what would be necessary to warrant a conviction on circumstantial evidence." In 1 Blashfield, Instructions to Juries (2nd ed.) §394, the rule is thus stated: "If there is direct evidence to prove that defendant committed the crime charged, the court may properly refuse to give instructions based on the hypothesis that the case is purely one of circumstantial evidence, and stating the rules as to the weight and conclusiveness of such evidence."

In *Herrera* v. *State* (1914), 75 Texas Crim. Rep. 120, 170 S. W. 719, it was held that where one witness identified defendant as the person who fired the fatal shot, an instruction on circumstantial evidence was properly refused. In *Moore* v. *State* (1926), 198 Ind. 547, 153 N. E. 402, 154 N. E. 388, this court decided that the refusal to give instructions as to the degree of proof required to convict on circumstantial evidence was not error where

conviction was sought on direct testimony of witnesses as to the facts, although evidence of corroborating circumstances was introduced. The following cases in support thereof were cited: *State* v. *Wilson* (1924), 32 Wyo. 37, 228 Pac. 803; *Aday* v. *State* (1924), 28 Okla. Crim. Rep. 201, 230 Pac. 280; *State* v. *Johnson* (1923), 252 S. W. (Mo.) 623. The defendant tendered and requested the giving of six instructions, all of which were given by the court. None of them was on the subject of circumstantial evidence. It was provided in §2136 Burns 1914, subd. 5, that, in charging the jury, the court must state to them all matters of law necessary for their information in giving their verdict. In the instant case, it was not necessary for the court to instruct on the subject of circumstantial evidence alone, as there was direct evidence before the jury. It is needless to say that when the court attempted to instruct on that subject, the instruction should have been free from error. But, as the defendant was not entitled to have an instruction in regard to proof required to convict entirely upon circumstantial evidence, and as the verdict of the jury rested on direct evidence and on circumstantial evidence merely corroborative thereof, the appellant could not have been harmed by that instruction, which was not correct. The giving of same did not constitute reversible error.

It is claimed by appellant that instruction No. 27 given by the court on its own motion was erroneous. Same reads as follows: "The constitution of this state makes the jury the judges of the law as well as of the facts. But this does not mean that the jurors may willfully and arbitrarily disregard the law, nor that they may make and judge the law as they think it should be in any particular case. It means that jurors, under their oaths, should honestly, justly and impartially judge the law as it exists, and as it is found upon the statutes of our state, in each particular case.

It does not mean that jurors may so judge the law in any case so as to make it null and void and of no force, but that they shall so judge the laws as to give them all a fair and honest interpretation, to the end that each and every law in each and every case may be fairly and honestly enforced. Any other interpretation of the law would weaken the safeguards erected by society for its protection; for by the nonenforcement of the law and its penalties in all criminal cases where it is shown by the evidence to have been violated, contempt for the law is bred among the very class that it is intended to restrain. The facts must be judged and found by the jury from a careful consideration of all the testimony given by the witnesses in the case, and under your oaths you have no right to arbitrarily disregard either the law or the facts in this case, without just cause, after a fair and impartial consideration of both." Appellant says this instruction imposes a restriction on the jurors not imposed by the Constitution. The principles of law in regard to jurors as judges of the law and facts stated in the instruction are in accord with the following cases: *Anderson* v. *State* (1885), 104 Ind. 467, 4 N. E. 63, 5 N. E. 711; *Blaker* v. *State* (1892), 130 Ind. 203, 29 N. E. 1077; *Dean* v. *State* (1897), 147 Ind. 215, 46 N. E. 528; *Bridgewater* v. *State* (1899), 153 Ind. 560, 55 N. E. 737; *Cunacoff* v. *State* (1923), 193 Ind. 62, 138 N. E. 690. In *Dean* v. *State, supra,* the court said: "The jury, it is true, under our constitution, are the exclusive judges of the facts, and have also the right to determine the law, but this does not give them the right to disregard the law. Under their oaths they are required to determine the law correctly." In the cases cited, no mistakes in law on this subject are found. Difficulty may arise from the reasoning in some of them in support of the conclusions reached, which ordinarily are not proper to be used as an instruction to a jury. This court has said

that it is one thing to state an abstract legal doctrine in an opinion by the court, and quite another to incorporate the same language, unqualified, in an instruction to a jury. *Union Traction Co.* v. *Moneyhun* (1922), 192 Ind. 288, 299, 136 N. E. 18, 28 A. L. R. 211. This instruction as to the power of the jury to determine the law reaches the limit which this court is willing to approve. Same is not subject to the objection urged by appellant, and it was not error to give same.

Another cause stated in the motion for a new trial was that the court erred in giving to the jury orally, and not in writing, an instruction which was given after the written instructions in the cause had been read and which oral instruction was taken down in shorthand by the official court reporter. Same is as follows: "The court instructs you, gentlemen of the jury, that the indictment in this case is not to be taken as any evidence in the case against the defendant. The indictment is allowed to be taken by you by the court into the jury room for your guidance only as to what this defendant is charged with. If you care to, you have the right and privilege of reading the indictment and looking it over, but it is not to be taken as any evidence whatever in the case." The defendant had requested the court to instruct the jury in writing as provided in §2136 Burns 1914. In *Lindley* v. *State* (1926), 198 Ind. 360, 153 N. E. 772, this court held that the giving of oral instructions after a proper and timely request for written instructions is reversible error, in the absence of showing of waiver of the request. It must be determined if what the court said orally after delivering written instructions to the jury in this cause was an instruction within the meaning of the statute. In *Lett* v. *Eastern, etc., Plow Co.* (1910), 46 Ind. App. 56, 91 N. E. 978, it was said: "Instructions to the jury, within the meaning of the statute, have reference to the law bearing

upon the merits of the controversy." Instructions proper are directions as to the law of the case. *Lawler* v. *McPheeters* (1881), 73 Ind. 577, 579; *Dodd* v. *Moore* (1883), 91 Ind. 522. A statement not bearing upon the question of law or fact involved in the issue is not to be taken as a part of the instruction. *Lehman* v. *Hawks* (1890), 121 Ind. 541, 23 N. E. 670; *Ohio, etc., R. Co.* v. *Stansberry* (1892), 132 Ind. 533, 32 N. E. 218.

In *Lehman* v. *Hawks, supra,* this court said: "Literally, the word 'instruction' may apply to any direction given to a jury by the court, but as used in the statute making it incumbent on the court to reduce its instructions to writing, it relates to the law of the case, and may properly be said to mean an exposition of the principles of the law applicable to the case, or some branch or phase of the case which the jury are bound to apply in order to render a verdict establishing the rights of the parties in accordance with the facts proven." A direction to the jury as to its duties, not involving any principle of law affecting the merits of the case, cannot be regarded as an instruction required to be in writing. *Lett* v. *Eastern, etc., Plow Co., supra;* Ewbank, Indiana Criminal Law §509. In *State* v. *Marion* (1912), 68 Wash. 675, 124 Pac. 125, it was held that oral remarks of the court, after reading an instruction containing a statement of the charge against the accused, that the information was not evidence and that the information was merely to inform the jury of the nature of the crime charged, were not violative of the statute requiring the court to reduce the charge to writing. It was stated therein that it was manifest that the court was not giving an instruction to the jury upon the principles of law, but was explaining orally what he had read. The alleged oral instruction under consideration did not state any principle of law to guide the jury in reaching its verdict. It was only directory as to the right and privilege of the jury to read

the indictment. It was not such an instruction as is required by the statute to be in writing. It was not error to give same orally.

The ruling on the motion for a new trial was not erroneous for any of the reasons presented to this court. The judgment is affirmed.

Travis, J., concurs in conclusion.