## TURNER v. STATE OF INDIANA.

[No. 1268S204. Filed June 2, 1970. No petition for rehearing filed.]

*Kenneth M. Waterman*, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *Duejean C. Garrett*, Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by affidavit signed by Douglas Murry Hodgin and filed August 9, 1967, with the crime of armed robbery. The affidavit omitting formal parts, signatures and jurat reads in pertinent part as follows:

"That on or about the 8th day of August 1967, at the County of Allen and in the State of Indiana, said Defendant, Jesse Turner, did then and there unlawfully, feloniously, forcibly by violence and putting Douglas Murry Hodgin, in fear, take from the person and possession of the said Douglas Murry Hodgin, United States currency, then and there in the value of Two Hundred Five Dollars ($205.00) in lawful money, and a brown leather money pouch, which lawful money and money pouch the said Douglas Murry Hodgin then and there held in his possession and was then and there the property of Douglas Murry Hodgin and Charles N. Knox, and the said Jesse Turner on the 8th day of August 1967, being then and there a person over the age of 16 years of age did then and there commit the crime of robbery as aforesaid while then and there armed with a certain dangerous weapon, to wit: a pistol, being contrary to the form of the statute in such case made and provided."

On January 15, 1968, appellant waived arraignment, pled not guilty to the offense as charged in the affidavit, and requested a trial by jury. Trial by jury was commenced July 3, 1968. On July 9, 1968, the jury returned its verdict finding appellant "* * * guilty of armed robbery * * *." The court thereupon ordered a presentence investigation made by the probation department of said county, the same being set for

consideration on July 29, 1968. Judgment was rendered on the verdict August 5, 1968; the court, on the verdict of the jury, found appellant "* * * guilty of the offense of armed robbery * * *," and sentenced him to the custody and control of the Warden of the Indiana State Prison for a period of ten (10) years.

A motion for new trial was filed by appellant August 8, 1968. The sole ground being urged on appeal which was set out in the motion for new trial is as follows:

"6. Error of law occurring at the trial, in this, to wit: That the court erred in refusing to give Instruction No. 12 (sic) as tendered by the Defendant, which instruction reads as follows:

'The Defendant is entitled to every inference in his favor which can be reasonably drawn from the evidence and where two inferences may be drawn from the same facts one consistent with guilt and one consistent with innocence, the defendant is entitled to the inference which is consistent with his innocence.' "

Appellant's motion for new trial was overruled September 9, 1968. Appellant's sole Assignment of Error is:

"1. The court erred in overruling appellant's motion for a new trial."

From the evidence adduced at trial, viewed in a light most favorable to appellee, it appears that on August 8, 1967, Douglas Murry Hodgin and James Biehl were employed as attendants at the Knox Shell service station in Fort Wayne, Indiana. At approximately 2:15 a.m. on said date appellant and a Mr. McPhearson came to the station and purchased fifty cents worth of gas from Hodgin, explaining that their car had run out of gas. They returned to the station five minutes later and asked for the return of their deposit money. Hodgin went to the cash register to refund the money when appellant stated, "I want your money," and then McPhearson said, "I want all the money." At the time the money was demanded, appellant was inside the station about two feet from the cash

register pointing a gun at Hodgin. After taking the money out of the register and placing it on the counter in front of him, Hodgin was grabbed by McPhearson and forced into a back room at knife-point and there compelled to give up his money pouch. As he was being led away, Hodgin saw appellant place his hand on the money as if to pick it up.

Biehl testified that he drove up to the station, after road testing a car he had been working on, just as appellant and another man were coming out the door walking at a fast pace. As Biehl approached the station Hodgin told him to follow the two men because they had just held him up. Biehl then turned and attempted to follow appellant and the other man, but lost them. He flagged down a patrol car, and approximately five minutes later the police officers took Biehl to the scene of appellant's arrest where he positively identified appellant and McPhearson. Subsequently, appellant and McPhearson were brought back to the station by the police, and Hodgin identified appellant as one of the men who had robbed him.

On appeal appellant's sole contention is that the trial court committed reversible error in refusing to give his tendered instruction No. 12 (sic) (11) which he contends contained a proper statement of the law, related to his theory of the case, and the contents of which were not covered by any of the other instructions given.

The appellant contends that the testimony he gave below to the effect that he was merely an "innocent bystander" to the armed robbery perpetrated by McPhearson raised the issue of circumstantial evidence. Appellant submits that when he and McPhearson returned to the service station to retrieve their deposit money, he (appellant) stood in the doorway of the office while McPhearson approached Hogdin and the cash register. The next thing he knew, McPhearson had Hodgin by the neck. Appellant did not see McPhearson take any money, but immediately turned around and started to walk

away from the station. McPhearson came running after him and told him that if he did not run also he (McPhearson) would say that appellant had participated in the robbery.

In support of his contention that said instruction states a correct principle of law, appellant relies upon *Miller* v. *State* (1968), 250 Ind. 338, 236 N. E. 2d 173, and *Crawford* v. *State* (1968), 251 Ind. 437, 241 N. E. 2d 795. However, close examination of these cases would indicate that the rules stated therein relate only to a situation where material elements of an offense are founded solely upon circumstantial evidence. Such situation does not exist in the case at bar. In *Miller* v. *State, supra,* this Court set forth the following principle:

"\* \* \* Guilty knowledge that the property received is stolen cannot rest on mere supposition \* \* \* and, *where the state relies wholly on circumstantial evidence to show such guilty knowledge,* the circumstances relied upon must point clearly and conclusively to guilt and exclude every reasonable hypothesis of innocence \* \* \* sufficiently to convince the jury beyond a reasonable doubt that the accused knew the property was stolen \* \* \*.

We have recently reiterated that the State may resort to circumstantial evidence to prove essential elements of the crime charged; but in order for that circumstantial evidence to be adequate, all reasonable hypothesis of innocence must be excluded \* \* \*." (Emphasis added)

Likewise, in *Crawford* v. *State, supra,* this Court stated:

"Where the evidence of an issuable fact is *wholly circumstantial* in nature the evidence must be so conclusive and compelling in character that it excludes every reasonable hypothesis of the presumption of innocence of the defendant \* \* \*." (Emphasis added)

In the case at bar all of the material allegations or essential elements were based on direct and positive evidence. The direct testimony of Douglas Murry Hodgin is sufficient to prove that appellant and an accomplice took money and a money pouch from him, forcibly by violence and

putting him in fear, and that appellant was armed with a dangerous weapon, to wit: a pistol. These are all the essential elements of the crime of armed robbery with which appellant was charged and for which he was convicted, and the trier of fact was compelled to draw no inferences in order to make a finding of guilt.

This Court has previously held that where there is direct evidence sufficient to convict, an instruction on circumstantial evidence alone may be refused. In *Wolfe* v. *State* (1928), 200 Ind. 557, 159 N. E. 545, we held that:

"If there is direct evidence to prove that defendant committed the crime charged, the court may properly refuse to give instructions based on the hypothesis that the case is purely one of circumstantial evidence * * *."

If the only evidence of appellant's participation in the robbery had been his mere presence, appellant's Instruction No. 11 would be a correct statement of the law to be applied by the jury. Under the facts as presented to the court below, however, such was not the case. Said instruction was properly refused.

For the reasons hereinbefore mentioned it is the conclusion of this Court that appellant's tendered Instruction No. 11 was properly refused, and that the judgment of the trial court should be affirmed.

Judgment affirmed.

Hunter, C.J., Arterburn, DeBruler and Givan, JJ., concur.

NOTE.—Reported in 258 N. E. 2d 641.