ROBINSON v. STATE OF INDIANA.

[No. 23,465.   Filed October 14, 1919.]

1. CRIMINAL LAW.—*Circumstantial Evidence.—Sufficiency.—*To warrant a conviction in a criminal case on circumstantial evidence, the proof must not only coincide with the hypothesis of guilt but it must be inconsistent with any other rational conclusion.   p. 469.

2. CRIMINAL LAW.—*Intoxicating Liquors.—Keeping Place.—Circumstantial Evidence.—Instruction.—*In a prosecution under §8351 Burns 1914, Acts 1907 p. 689, in which there was no direct evidence that the defendant kept, ran or operated the place for the illegal sale of intoxicants, or that he had any interest therein or in the liquor sold, but there was evidence that at times he brought intoxicating liquor into a gambling room from an adjoining barroom and served it to the gamblers, and collected the money therefor, and that he operated the gambling game at times and frequently admitted persons to the room, the evidence also showing that other patrons of the gambling room performed the same acts at times, the Supreme Court cannot say that it was harmless error to refuse to instruct that, before the jury could convict on circumstantial evidence alone, the circumstances must be so convincing as to be inconsistent with any reasonable hypothesis of innocence, it being the defendant's contention that the facts could be reconciled on the theory that he performed such acts as a frequenter of the place and for the accommodation of others.   pp. 470, 471.

From Delaware Circuit Court; *S. W. Haynes,* Special Judge.

Prosecution by the State of Indiana against William Robinson. From a judgment of conviction, the defendant appeals. *Reversed.*

*George W. Cromer* and *Harry Long,* for appellant.

*Ele Stansbury,* Attorney-General, and *Dale F. Stansbury,* for the state.

LAIRY, C. J.—Appellant was tried and convicted in the Delaware Circuit Court of the offense defined by §8351 Burns 1914, Acts 1907 p. 689, commonly known as the "Blind Tiger" Law. The indictment under which he was tried charged that he did unlawfully keep, run and operate a place where intoxicating liquors were then and there sold, bartered and given away in violation of law; and that he was found in the unlawful possession of intoxicating liquors kept for the purpose of being sold, bartered or given away in violation of law.

On appeal four errors are assigned as cause for reversal, the fourth being that the court erred in overruling appellant's motion for a new trial. The fourth error will be considered first.

In support of his motion for a new trial appellant asserts that the court erred in refusing to give instruction No. 12 tendered by him, and also that the verdict is not supported by sufficient evidence and is contrary to law. Other questions are presented by this motion which need not be set out or considered.

The place in which the intoxicating liquors were kept and sold, as shown by the evidence of the state, was located at 612½ South Walnut street in Muncie, Indiana. The state's evidence shows that there were five rooms on the second floor of the building, to which access was gained by means of a stairway. About half way up the stairway was a door, with a glass panel, which was

kept locked, but which was opened, in response to a bell, by an electric button pressed by a man standing at the head of the stairway. The state's evidence shows that defendant frequently admitted persons to the rooms; but the evidence also shows that others also answered the bell and gave admittance to persons. In the front room was a table where a game of poker was conducted, and the evidence shows that those engaged in the game drank whisky and beer, for which they paid. It is shown that the defendant on one occasion brought in drinks and collected the money, but it is also shown that other players had also on occasions brought in drinks and collected the money. The evidence shows that the defendant frequently took part in the poker game and also banked the game, selling the chips and collecting the money, but it is also shown that other players sometimes banked the game. In the middle room was a bar and back of this room were two other rooms, in one of which was located a craps table, and in the other a dice game known as "hieronymous." There is evidence that liquor was sold in the barroom, and that it was drunk in the other back rooms. There is evidence that the defendant operated the hieronymous game, and that other persons also operated it at times. The evidence shows without dispute that the rooms in question were rented, during the time to which the evidence is directed, from the owner by a man named Wicks, and that he was generally in and about the place. There is no evidence to show that defendant owned any of the liquor sold, or any of the gambling apparatus located in the rooms, or that he had any interest in the proceeds derived from the operation of the place.

It thus appears that there was no direct evidence to show that appellant kept, ran, or operated the place where the intoxicating liquors were sold. If that

1. fact, as found by the verdict, is sustained by the

evidence, it is because the conduct of the defendant, as shown by the evidence and the other circumstances proved in the case, was of such a nature as to reasonably justify the inference of the truth of that fact beyond a reasonable doubt.    Speaking for the court on the subject of the force and effect of circumstantial evidence, Mitchel, J., said: "The true test by which to determine the value of circumstantial evidence, in respect to its sufficiency to warrant a conviction in a criminal case, is, not whether the proof establishes circumstances which are consistent, or which coincide with the hypothesis of the guilt of the accused, but whether the circumstances, satisfactorily established, are of so conclusive a character, and point so surely and unerringly to the guilt of the accused as to exclude every reasonable hypothesis of his innocence.    The force of circumstantial evidence being exclusive in its character, the mere coincidence of a given number of circumstances with the hypothesis of guilt, or that they would account for, or concur with, or render probable the guilt of the accused, is not a reliable or admissible test, unless the circumstances rise to such a degree of cogency and force as, in the order of natural causes and effect, to exclude, to a moral certainty, every other hypothesis except the single one of guilt.    *Binns* v. *State,* 66 Ind. 428; *Stout* v. *State,* 90 Ind. 1; Gillett, Crim. Law, section 873.    The proof must not only coincide with the hypothesis of guilt, but it must be inconsistent with every other rational conclusion."

It is the theory of appellant that every fact shown by the evidence in relation to his acts, words and other conduct in and about the place, as well as every other

2.   circumstance shown by the evidence, can be reconciled with his innocence on the hypothesis that he was a frequenter of the place who played poker, sometimes banking the game, as it is shown that other

frequenters of the place also did; and that all of the other acts done by him, as shown by the evidence, were done as an accommodation to his associates or to the proprietor, and not in the capacity of one engaged in keeping, running or operating the place. On this theory he requested the court to give instruction No. 12, reading as follows: "Before you can convict this defendant on circumstantial evidence alone, the circumstances must be so strong and convincing as to be inconsistent with any reasonable hypothesis of the defendant's innocence." This instruction states the law correctly as frequently announced by this court. *Wantland* v. *State* (1895), 145 Ind. 38, 43 N. E. 931; 2. *Dunn* v. *State* (1906), 166 Ind. 694, 78 N. E. 198. As the court gave no other instruction embodying the proposition of law stated therein, the court erred in refusing to give the instruction so tendered. The court cannot say that the refusal to give such instruction was harmless. The defendant is not so clearly and certainly guilty as to justify such a holding. The fact necessary to his conviction that he was engaged in keeping, running and operating the place, at the times referred to in the evidence, does not appear from the facts and circumstances disclosed with such unerring certainty as to enable the court to say as a matter of law that they exclude all reasonable inferences to the contrary. While the circumstances shown may be said to all coincide with the hypothesis of guilt, it cannot be said that they are inconsistent with any other rational conclusion.

The judgment is reversed, with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 124 N. E. 489. Circumstantial evidence: necessity of instruction, 69 L. R. A. 193, 12 L. R. A. (N. S.) 220, 97 Am. St. 789, 16 C. J. 1010. See under (1) Ann. Cas. 1913E 428, 16 C. J. 763.