WRASSMAN *v.* STATE OF INDIANA.

[No. 23,977. Filed November 18, 1921.]

1. CRIMINAL LAW.—*Appeal.—Review.—Circumstantial Evidence.* Where there are two reasonable hypotheses arising from a circumstantial evidence, one of which is the innocence of the accused and the other his guilt, it is not the duty of a court of review to draw the inference of innocence, the question in such a case being one of fact for the decision of the jury. p. 402.

2. CRIMINAL LAW.—*Appeal.—Review.—Circumstantial Evidence.—Sufficiency.*—A court of last resort, in passing upon the sufficiency of the evidence, where it is circumstantial, will, in case an essential link is wanting, hold the evidence insufficient; but where each essential link in the chain of circumstances is present, and the jury or the trial court can reasonably draw the inference of guilt, a conviction must be allowed to stand, however weak the links in the chain may seem to the court of review. p. 402.

3. CRIMINAL LAW.—*Appeal.—Review.—Circumstantial Evidence.—Questions of Law and Fact.*—If from the same chain of circumstances an inference of either guilt or innocence may reasonably be drawn, the question on review is one of fact, but if an essential link is wanting, or an inference is drawn from a link, or from the whole chain, which is wholly contrary to human experience and the natural relation of things, then the question is one of law. p. 403.

4. COURTS.—*Decisions.—Scope and Construction.*—Decisions are evidence of the law, and the exact point decided must be kept in view in determining the scope of a decision. p. 403.

5. INTOXICATING LIQUORS.—*Keeping with Intent to Sell.—Evidence.—Sufficiency.*—In a prosecution under §4 of the Prohibition Law (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918) for keeping intoxicating liquor with intent to sell, evidence *held* sufficient to sustain a conviction, though there was no direct evidence that defendant was the owner of the liquor or that it had ever been in his possession. p. 404.

From Marion Criminal Court (51,603); *Fremont Alford*, Special Judge.

Prosecution by the State of Indiana against George Wrassman. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Robbins & Weyl*, for appellant.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, for the state.

TOWNSEND, C. J.—Appellant was tried by court and convicted of violating the Prohibition Law, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918. One count of the affidavit charged appellant with keeping intoxicat-

ing liquor with intent to sell. The affidavit was in several counts. The finding does not indicate on which count it is based. If the evidence is sufficient on any count, it must be on the one referred to above.

In brief the evidence is: As three police officers of Indianapolis drove in an automobile in front of a pool room on the south side of East Washington street, they saw appellant leave the front of the room and go rather hurriedly to a small room in the rear. They went into the pool room at once and followed appellant, whom they met coming from the rear room. One of the officers had observed appellant in a stooping posture near some boxes in this rear room. This officer went directly to these boxes and found two warm bottles of whisky in plain sight on top of one of them. No one else had been in this rear room immediately before. Appellant was neither the proprietor of the place nor an employe therein.

Now the question is whether this evidence is sufficient to sustain the conviction. Appellant relies on the case of *Cavender* v. *State* (1890), 126 Ind. 47, 25 N. E. 875, wherein it was said: "The true test by which to determine the value of circumstantial evidence, in respect to its sufficiency to warrant a conviction in a criminal case, is, not whether the proof establishes circumstances which are consistent, or which coincide with the hypothesis of the guilt of the accused, but whether the circumstances, satisfactorily established, are of so conclusive a character, and point so surely and unerringly to the guilt of the accused as to exclude every reasonable hypothesis of his innocence. The force of circumstantial evidence being exclusive in its character, the mere coincidence of a given number of circumstances with the hypothesis of guilt, or that they would account for, or concur with, or render probable the guilt of the ac-

cused, is not a reliable or admissible test, unless the circumstances rise to such a degree of cogency and force as, in the order of natural causes and effect, to exclude, to a moral certainty, every other hypothesis except the single one of guilt."

Appellant also says that this language was approved in the very recent case of *Robinson* v. *State* (1919), 188 Ind. 467, 124 N. E. 489. Appellant also relies on *Hamilton* v. *State* (1895), 142 Ind. 276, 41 N. E. 588, wherein language was used similar in effect to that of *Cavender* v. *State, supra.* If the language used by Judge Mitchell in the Cavender case was intended to convey the impression that where there are two *reasonable* hypotheses arising from circumstantial evidence, one of which is innocence and the other guilt, that it is the duty of a court of review to draw the inference of innocence, then this language must be disapproved. If it is meant to be a pronouncement of the law which should govern juries and trial courts, then it is approved.

So far as *Hamilton* v. *State, supra,* is concerned, it was expressly overruled on this point in *Lee* v. *State* (1901), 156 Ind. 541, at page 549, 60 N. E. 299.

2. We think that a careful examination of both the Cavender case and the Hamilton case will disclose that this court had before it and was considering a complete lack of one essential link in the chain of circumstances, from which the inference of guilt could be drawn. Of course, it must be true that a court of last resort, in passing on the sufficiency of the evidence, where such evidence is circumstantial, will, in case an *essential* link is wanting, hold the evidence insufficient; but it must also be true that where each *essential* link in the chain of circumstances is there, and the jury or the trial court can reasonably draw the inference of

guilt, the conviction must be allowed to stand, however weak the links in the chain may seem to the court of review.

We think appellant is in error in claiming that the language of the Cavender case was approved in *Robinson* v. *State, supra,* in the sense that he claims. The question before the court was error in refusing to give an instruction which embodied this principle of law. It certainly was not meant nor intended by the Robinson case to convey the impression that the rule quoted from the Cavender case is one which governs a court of review, in passing on the sufficiency of evidence, in the same *sense* and in the same *manner* that it governs the trial court and jury.

If, from the same chain of circumstances, an inference of guilt may reasonably be drawn, or an inference of innocence may reasonably be drawn, then the

3. question on review is one of fact; but if an essential link is wanting, or an inference drawn from a link, or from the whole chain, which is wholly contrary to human experience and the natural relation of things, then the question is one of law. When this view is taken, we think that the cases to which we have referred all may be reconciled.

Decisions are evidence of the law. The exact point decided must be kept in view. A court of review must invoke principles of law which the point involves.

4. In doing this it sometimes announces a principle which applies in part to a court of review, and in part to a trial court; but does not always stop to limit the language used.

*Commonwealth* v. *Webster* (1850), 5 Cush. (Mass.) 295, 52 Am. Dec. 711, is a case most commonly referred to by courts in passing upon questions involving circumstantial evidence. This is not a report of the decision

of a court of review, but a report of the actual trial of Webster, and the bulk of this report is Chief Justice Shaw's charge to the jury.   The language found in decisions on circumstantial evidence has been taken largely from Chief Justice Shaw's instructions.   It may be that the profession and, sometimes, the courts are misled into thinking that this is a report of the decision of a court, when sitting as a court of review.

In the instant case the appellant denied that the two bottles of whisky found on the box belonged to him, or that he knew anything about them; and also denied that he fled at the sight of the police officers.

5.   No one saw him with this liquor in his possession.   No fact or circumstance was given tending to prove that it belonged to him, other than we have hereinbefore set out.   If the trial court believed the testimony of the police officers, then he must have inferred that appellant had the two bottles of whisky on his person at the time he saw the police officers; that he went into the rear room to get rid of them; that the fact that the bottles were warm and that no one else was in the rear room was incriminating circumstance enough to infer that they came from appellant's pockets.   From these circumstances the trial court inferred guilt.   He may have been mistaken in so doing, but we cannot say that his conclusion is contrary to reason and human experience, or that there is lacking an essential link in the chain of circumstances.

Judgment of the trial court is affirmed.

Myers, J., absent.