LANDESS v. STATE OF INDIANA.

[No. 24,533.   Filed December 21, 1928.]

*John J. O'Neill, Malcolm V. Skinner, Frank Gillespie* and *James J. Moran,* for appellant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

WILLOUGHBY, J.—This was an action by the State of

Indiana upon an affidavit of John Long filed in the Jay Circuit Court charging Eb Landess and another with the larceny of ten chickens of the value of $1 each, on September 6, 1923, in Jay County, Indiana, the said chickens being the property of John Long.

The defendants waived arraignment and pleaded not guilty. They were tried together before a jury, the trial resulting in finding the defendants each guilty of petit larceny. Judgment was rendered on the verdict and a motion for a new trial was filed and overruled and appellant appeals from such judgment. The error relied on for reversal is that the court erred in overruling appellant's motion for a new trial.

The specifications in the motion for a new trial are: (1) That the verdict of the jury is contrary to law; (2) that the court erred in giving to the jury of its own motion each of instructions numbered 1 to 11, both inclusive; (3) that the court erred in refusing to give to the jury each of instructions numbered 1 to 10, both inclusive, requested by the defendants.

Under "Points and Authorities" the appellant alleges in his brief that instruction No. 7, given by the court of its own motion, places the burden upon the defendant to establish by evidence the facts necessary to secure his acquittal.

We do not construe this instruction to mean what the appellant claims or to cast any burden upon the defendant in the case. It is the law that a reasonable doubt may arise from the evidence or from the lack of evidence. The defendant is not required to establish any fact which would entitle him to an acquittal by any degree of evidence so that if the whole evidence or lack of evidence leaves a reasonable doubt in the mind of the jury or of any one of them as to the defendant's guilt of the offense charged, then the jury cannot find the defendant guilty.

The appellant tendered instruction No. 3, upon the subject of reasonable doubt, and says a reasonable doubt may arise or be created by the want of evidence as well as by the evidence. This principle is embodied in instructions given by the court of its own motion. Instruction No. 5, tendered by appellant and refused by the court, was on the subject of reasonable doubt, but the principle therein stated was covered by other instructions given by the court of its own motion. The same may be said of instruction No. 6, tendered by the appellant and refused by the court. No instruction was given by the court upon the application of circumstantial evidence in the case. The instructions given by the court were therefore incomplete in that they failed to instruct the jury upon the subject of the effect of circumstantial evidence. Instruction No. 7, tendered by the appellant and refused to be given by the court, is directed to the consideration of circumstantial evidence and the refusal of the court to give it was reversible error. *Robinson* v. *State* (1919), 188 Ind. 467, 124 N. E. 489.

The state relies wholly upon circumstantial evidence to sustain this conviction. In *Robinson* v. *State, supra,* the court held that before you can convict the defendant on circumstantial evidence alone, the circumstances must be so strong and convincing as to be inconsistent with any reasonable hypothesis of innocence. See, also, *Lee* v. *State* (1921), 191 Ind. 515, 132 N. E. 582; *Wrassman* v. *State* (1921), 191 Ind. 399, 132 N. E. 673. In the case of *Robinson* v. *State, supra,* the question was upon the refusal of the court to give the following instruction: "Before you can convict this defendant on circumstantial evidence alone, the circumstances must be so strong and convincing as to be inconsistent with any reasonable hypothesis of the defendant's innocence." The court, in that case, cor-

rectly held that it was error to refuse to give this instruction. This instruction was tendered for the guidance of the jury in the trial of the case and stated the law correctly.

Other matters discussed in appellant's brief will probably not arise upon a retrial of the case. Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.