David R. BALL, and Jeannette M. Ball, Defendants-Appellants,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1-280A30.

Court of Appeals of Indiana, First District.

June 24, 1980.

Michael A. Howard, Smith, Pearce & Howard, Noblesville, Wallace Weakley, Sheridan, Charles C. Engel, Duncan, Engel & Hostetter, Brownsburg, for defendants-appellants.

Theodore L. Sendak, Atty. Gen., Jeff G. Fihn, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendants-appellants David R. Ball and Jeannette M. Ball appeal from a judgment of the Hendricks Circuit Court following a jury determination that they were criminally culpable in the death of their infant son, Shawn D. Ball. Although the original charge against the Balls was murder, the jury found David guilty of the lesser included offense of involuntary manslaughter under Ind.Code 35–42–1–4(1) (Supp.1979):

"A person who kills another human being while committing or attempting to commit:

(1) a Class C or Class D felony that inherently poses a risk of serious bodily injury;

\* \* \* \* \* \*

commits involuntary manslaughter, a Class C felony. . . .",

the underlying class D felony being neglect of a dependent under Ind.Code 35–46–1–4(a)(1) (Supp.1979):

"(a) A person having the care, custody, or control of a dependent who knowingly or intentionally:

(1) places the dependent in a situation that may endanger his life or health;

\* \* \* \* \* \*

commits neglect of a dependent, a Class D felony."

Jeannette was convicted of the lesser included offense of reckless homicide under Ind.Code 35–42–1–5 (Supp.1979):

"A person who recklessly kills another human being commits reckless homicide, a Class C felony. . . ."

We affirm.

## FACTS

Shawn D. Ball was born at Riverview Hospital in Noblesville, on October 11, 1978, weighing seven pounds and one-half ounce. Jeannette and Shawn were discharged from the hospital on October 14, 1978. From October 14, until November 30, 1978, Shawn lived with David and Jeannette in their apartment and was in their care at all times except for infrequent, short periods during which a relative babysat with him. On November 30, at approximately 3:50 p. m., Shawn was taken by emergency vehicle from his paternal grandmother's home where he and his parents were visiting to Riverview Hospital and was transferred shortly thereafter to Riley Hospital for Children in Indianapolis. He died at approximately midnight. At the time of his death, Shawn weighed five pounds and nine ounces. Cause of death was determined to be severe emaciation and both protein and caloric malnutrition.

## ISSUES

Defendants raise three issues for our review:

I. Whether the trial court erred in refusing to give their tendered instruction No. 14;

II. Whether the trial court erred in admitting into evidence post-autopsy photographs of Shawn; and

III. Whether the trial court erred in admitting into evidence a child abuse report.

## DISCUSSION AND DECISION

*Issue I.*

Defendants contend the trial court erred in refusing to give their tendered instruction No. 14 as follows:

"Where evidence necessary for conviction is wholly circumstantial in character, it must be of such conclusive and persuasive force that it tends to point surely and unerringly to the guilt of the accused, to the extent that it excludes every reasonable hypotheses [sic] of innocence."

They argue not that the evidence as a whole was wholly circumstantial, but that the evidence of one essential element of the offense of involuntary manslaughter and reckless homicide, the *mens rea* element, was wholly circumstantial, thus requiring the instruction.

■ The Indiana Supreme Court has announced the rule that where the evidence of guilt before the jury is entirely circumstantial, special rules are established for the jury's guidance. It is not enough that the circumstances be consistent with the hypothesis of guilt; they must be of so conclusive a character, and point so surely and unerringly to the guilt of the accused, as to exclude every reasonable hypothesis of innocence. *Inman v. State*, (1978) Ind., 383 N.E.2d 820; *Baker v. State*, (1973) 260 Ind. 618, 298 N.E.2d 445; *Hitch v. State*, (1972) 259 Ind. 1, 284 N.E.2d 783; *Johnson v. State*, (1972) 258 Ind. 683, 284 N.E.2d 517; *Wheeler v. State*, (1970) 255 Ind. 395, 264 N.E.2d 600; *Crawford v. State*, (1968) 251 Ind. 437, 241 N.E.2d 795; *Miller v. State*,

(1968) 250 Ind. 338, 236 N.E.2d 173; *Manlove v. State*, (1968) 250 Ind. 70, 232 N.E.2d 874; *Christen v. State*, (1950) 228 Ind. 30, 89 N.E.2d 445; *McAdams v. State*, (1948) 226 Ind. 403, 81 N.E.2d 671; *White v. State*, (1948) 226 Ind. 309, 79 N.E.2d 771; *Osbon v. State*, (1938) 213 Ind. 413, 13 N.E.2d 223; *Wolfe v. State*, (1928) 200 Ind. 557, 159 N.E. 545; *Landess v. State*, (1928) 200 Ind. 440, 164 N.E. 267; *Henry v. State*, (1925) 196 Ind. 14, 146 N.E. 822; *Robinson v. State*, (1919) 188 Ind. 467, 124 N.E. 489.

The Supreme Court has also stated that where the evidence of guilt is wholly circumstantial, the sufficiency of the evidence is measured and established by the above rule. *Inman, supra; Baker, supra; Johnson, supra; Crawford, supra; Miller, supra; Manlove, supra; Christen, supra.*

Further, where the evidence of guilt is wholly circumstantial, our Supreme Court has held that failure to give a tendered instruction to the jury on the circumstantial evidence rule as recited above is reversible error. *McAdams, supra; Landess, supra; Robinson, supra.*

However in *Faught v. State*, (1979) Ind., 390 N.E.2d 1011, 1017, our Supreme Court said:

> " 'Instructions upon circumstantial evidence are not required to be given where the evidence of guilt is direct and positive or where some is direct and some is circumstantial.' . . .

Therefore, the refusal of an instruction regarding circumstantial evidence in the case at bar was not error because of the mixed nature of the evidence which included direct eyewitness testimony.

Second, defendant cites as authority for his tendered instruction the case of *McAdams v. State*, (1948) 226 Ind. 403, 81 N.E.2d 671. However, defendant misrepresents the law as stated in that case in the first paragraph of his tendered instruction. That case says, 'When the evidence before the jury is *entirely* circumstantial . . . ,' . . . Defendant's instruction prefaces his statement of the law with 'When the evidence before the jury is *partially* circumstantial

. . . .' . . . Defendant's instruction misstates the law."

*Faught, supra*, finds support in the following cases: *Hitch, supra; Beavers v. State*, (1957) 236 Ind. 549, 141 N.E.2d 118; *McAdams, supra; Wolfe, supra; Sammons v. State*, (1979) Ind.App., 397 N.E.2d 289.

Defendants contend that direct evidence was admitted on all issues except the issue of intent and that the only evidence of intent presented by the State was circumstantial and, therefore, they are entitled to the instruction for that issue. Even if this were so, their instruction No. 14 is erroneous. That instruction commences with the phrase "Where evidence necessary for conviction is *wholly* circumstantial in character . . . ." (Emphasis added.) *Faught, supra*, clearly denotes that such is an erroneous statement of the law. Defendants cite *Inman, supra, Baker, supra,* and *Manlove, supra*, as their authorities. In *Baker* and *Manlove* no question of an instruction was involved; the question was sufficiency of the evidence. In *Inman* the trial court gave the circumstantial evidence instruction and the Supreme Court approved it, but that instruction contained the words "where only circumstantial evidence is involved."

Defendants concede in their brief that they gave direct testimony on the subject of their intent. Therefore, the evidence on the issue of intent was mixed, some circumstantial, some direct, and so this case falls within the general rule as to the issue of intent alone.

■ However, in the interest of clarity, we are of the opinion that the cases cited above require in order to invoke the necessity of giving the circumstantial evidence instruction reciting the rule as first mentioned above, that all the evidence pertaining to guilt must be of a circumstantial character. Circumstantial evidence is a logical progression of reasoning built upon a premise of direct evidence, the *totality* of which excludes every reasonable hypothesis of the innocence of the defendant and imports guilt. It would be difficult, if not impossible, for the trier to separate in his

mind a conclusion of guilt arrived at by deductive reasoning based upon circumstantial evidence from a conclusion arrived at by resort to direct evidence. It would be even more difficult to fashion an instruction in that regard.

██ A separate rule exists to guide trial courts and juries in assessing intent, malice, or purpose. Intent, malice, or purpose may be inferred from the voluntary commission of an unlawful act by a defendant. *Morris v. State,* (1979) Ind., 384 N.E.2d 1022; *Inman, supra.*

██ Other jurisdictions have addressed the precise issue raised by Defendants and have found no circumstantial evidence instruction required. *Brown v. State,* (1967 Del.) 233 A.2d 445; *State v. Moehlis,* (1977 Iowa) 250 N.W.2d 42; *State v. Nortin,* (1943) 170 Or. 296, 133 P.2d 252; *Schwartz v. State,* (1962) 172 Tex.Cr.R. 326, 357 S.W.2d 393; *State v. Lapoint,* (1913) 87 Vt. 115, 88 A. 523.

The Delaware Supreme Court in *Brown, supra,* 233 A.2d at 447, said:

"The general rule is that a refusal to give such a charge is reversible only when the State's case is based entirely or very substantially upon circumstantial evidence. 53 Am.Jur. 570; 23A C.J.S. Criminal Law § 1250, P. 610. Particularly is this true where intent is the only element not proven by direct testimony. 23A C.J.S. Criminal Law § 1250, P. 620. Intent must usually be inferred from the acts done, but this fact does not necessarily require that the charge on circumstantial evidence be given."

The Oregon Supreme Court in *State v. Nortin, supra,* 133 P.2d at 263, observed:

"Motive and intent may constitute a material element in a criminal charge. These are issues relative to mental condition as to which direct testimony is often impossible",

and the Vermont Supreme Court in *State v. Lapoint, supra,* 88 A. at 525, said:

"The evidence of felonious intent adduced by the state, unless of confessions by the respondent, is necessarily circumstantial.

It has not yet been held in this state that the failure to give the above instruction [on circumstantial evidence], where the evidence [of intent] is wholly circumstantial, is error . . . ."

In conclusion, we are of the opinion that the refusal to give the circumstantial evidence instruction is not error where the only element which the State attempts to prove solely by circumstantial evidence is the element of intent. Other instructions addressed to that subject are more appropriate. The court committed no error in refusing to give Defendants' instruction No. 14.

*Issue II.*

Admitted into evidence at trial were three post-autopsy photographs of Shawn, one view each from the front, side, and back. Defendants did not object to the back view, State's Exhibit No. 3, but did object to the front and side views, State's Exhibits Nos. 1 and 2, as: 1) irrelevant and immaterial; 2) prejudicial; 3) incompetent to show Shawn's condition at the time of his death because of the photographs' depiction of a chest scar from an autopsy incision; and 4) repetitive and redundant in showing loose skin and protruding ribs as also shown in Exhibit No. 3.

██ The record shows, however, that the portions of the photographs depicting the chest scar were covered with tape and the jury was admonished not to remove the tape nor to speculate as to what it concealed. Consequently, Exhibit Nos. 1 and 2 as seen by the jury were substantially identical to Exhibit No. 3, and all three merely depicted Shawn's condition at death as testified to by several witnesses. The general rule is that this court will not reverse for admission of cumulative evidence. *Hunter v. State,* (1977) Ind.App., 360 N.E.2d 588. Specifically, there is no reversible error in the admission of autopsy photographs which are cumulative and explanatory of testimony from the witness stand. *Epps v. State,* (1977) 267 Ind. 177, 369 N.E.2d 404.

*Issue III.*

Admitted into evidence at trial as State's Exhibit No. 6 was a Report of Suspected Child Abuse filed with the Hamilton County Department of Public Welfare and the Noblesville Police Department by one of the physicians who treated Shawn at Riley Hospital.[1] Defendants' only contention is this was error because the report shows the physician had the opinion Shawn had been abused, which opinion invades the province of the jury.

It is no longer the rule that a witness may not give an opinion on the ultimate fact question. *Coonan v. State,* (1978) Ind., 382 N.E.2d 157. The admission of opinion testimony on an ultimate fact issue is within the discretion of the trial court. *Porter v. State,* (1979) Ind., 391 N.E.2d 801. We will review the exercise of that discretion only for abuse thereof. *Woods v. State,* (1978) 267 Ind. 581, 372 N.E.2d 178.

The report in large part only repeats the oral testimony given by the physician as to Shawn's physical condition and his medical and feeding history as secured by the physician primarily from Jeannette after Shawn's admission to Riley Hospital but prior to his death. Again, cumulative evidence is no basis for reversal. *Hunter, supra.* In addition, the report refers to "*suspected* child abuse," states that "[t]hese parents *appeared not to understand* the seriousness of their child's condition," and concluded "In my opinion this constitutes neglect *whether willful or through ignorance.*" (Emphasis added.) These statements could be interpreted to exculpate Jeannette and David from criminal responsibility in Shawn's death as reasonably as they could be interpreted to inculpate them. Assuming *arguendo* that error was committed, it is the responsibility of the appellants to affirmatively show that the error was prejudicial. *Bean v. State,* (1978) 267 Ind. 528, 371 N.E.2d 713. Defendants have not carried this burden.

The judgment of the trial court is affirmed as to each defendant.

Affirmed.

ROBERTSON, P. J., and RATLIFF, J., concur.

---

1. *See* Ind.Code 12–3–4.1–1 *et seq.,* repealed effective January 1, 1979. For current law, see Ind.Code 31–5.5–3–1 *et seq.* (Supp.1979).