**Roger M. SLOAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 580S133.

Supreme Court of Indiana.

Sept. 3, 1980.

John P. Avery, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Roger M. Sloan was charged in Marion Superior Court, Criminal Division IV, with class A robbery, Ind.Code § 35–42–5–1 (Burns 1979 Repl.). Sloan was tried to a jury and convicted, and the trial court sentenced him to a twenty year prison term. On this appeal, appellant presents two issues for our review. These questions concern: (1) the sufficiency of the evidence; and (2) whether the trial court erroneously admitted photographs of the victim.

## I.

Appellant argues the evidence is not sufficient to sustain the conviction. He asserts that the victim's testimony is totally unreliable, and that, therefore, the State did not prove appellant took the victim's money. This contention, however, overlooks our basic standard of review.

As we have explained countless times, when we review a question of sufficiency, we will look only to the evidence which supports the jury's verdict, and the reasonable inferences to be drawn therefrom. *E. g., Goodpaster v. State*, (1980) Ind., 402 N.E.2d 1239, 1242; *Stanley v. State*, (1980) Ind., 401 N.E.2d 689, 693; *Ruetz v. State*, (1978) 268 Ind. 42, 373 N.E.2d 152, 156. The purpose of this examination is to determine if there is substantial evidence of probative value from which the jury could have found Sloan guilty beyond a reasonable doubt. *Id.* Further, it is the jury's function to judge the credibility of witnesses, *e.g., Love v. State*, (1979) Ind.,

393 N.E.2d 178, 180; *Taggart v. State*, (1979) Ind., 390 N.E.2d 657, 659, and the jury may believe whomever it wishes, *e.g., Riggenbach v. State*, (1979) Ind., 397 N.E.2d 953, 956; *Sypniewski v. State*, (1977) 267 Ind. 224, 368 N.E.2d 1359. With these principles in mind, we shall proceed to examine the sufficiency of the evidence in this case.

The evidence most favorable to the State reveals the following sequence of events. The victim, Elbert Levi, was patronizing the Harvester Bar in Indianapolis, when he and appellant were introduced by a mutual acquaintance. A short time later, Levi indicated he was driving to a restaurant a short distance from the bar. Appellant Sloan announced at that time that he was without transportation, and, when Levi learned that appellant wanted to go to a location which was on the way to the restaurant, Levi offered him a ride. The two then departed in Levi's car. Levi drove for some distance, with appellant Sloan giving him directions and telling him where to turn. After several such turns, appellant said: "You can let me out along here anywhere." Levi testified that he then started to slow down. As the car was coming to a stop, Levi felt something hit him in the head. Appellant then jumped onto the seat and began beating Levi. The victim opened his door and fell out of the car onto the pavement. He testified that Sloan jumped out of the car and continued to beat and stomp on him. Levi further testified that Sloan repeatedly stated, "Give me that wallet," as he was beating Levi. When Levi lay still, Sloan rolled him onto his stomach and removed his wallet. After ransacking Levi's automobile, Sloan left the scene. Levi testified that his wallet contained nearly three-hundred ($300) dollars at the time he was attacked. Levi received lacerations, abrasions and severe bruises about the face, head and neck from this attack. The extensive damage to Levi's mouth required the surgical removal of all those teeth which had not been knocked out during the beating.

Police apprehended appellant Sloan a short time later, after obtaining from other patrons of the Harvester Bar a description of the person Levi left with. Sloan was

taken to the hospital where Levi was being treated, and Levi identified him as his assailant. Sloan was then placed under arrest for this robbery. When Sloan was searched, two hundred and seventy-seven ($277) dollars were found in his possession.

Appellant Sloan admits that he was with the victim and had an opportunity to commit the robbery. In fact, Sloan testified in his own defense at trial, and admitted administering a severe beating to the victim. He claims, however, that he beat and kicked Levi because Levi had made a homosexual advance toward him while they were riding in the car. Levi denied any such advance. Sloan claimed the severity of the beating was due to his "intoxification [sic]." He stated that he ran away after the attack on Levi, and denied taking Levi's wallet. Sloan theorizes that some third person must have robbed Levi after Sloan departed. No instructions on the defenses of intoxication or self-defense were tendered by Sloan or given by the court.

■ The jury was, of course, free to reject appellant's testimony and his explanation of the attack. *Riggenbach v. State, supra; Sypniewski v. State, supra.* Based on the testimony of the victim alone, we believe there was substantial evidence of probative value from which the jury could have found that Sloan took Levi's wallet and the money it contained by using force, and that the offense resulted in serious bodily injury to Levi. *See* Ind.Code § 35–42–5–1, *supra. See also Proctor v. State,* (1979) Ind., 397 N.E.2d 980; *Cox v. State,* (1978) 267 Ind. 568, 372 N.E.2d 176.

■ Appellant also contends that the jury's guilty verdict, in the face of this alleged lack of evidence, operated to deny him the presumption of innocence. Apparently, this argument suggests that the jury could not have found Sloan guilty if they had afforded him the presumption of innocence to which he was entitled. We recently disposed of a similar argument in *Ferguson v. State,* (1980) Ind., 405 N.E.2d 902. As in the *Ferguson* case, the jury here was fully instructed on the presumption of innocence and the definition of reasonable doubt. Appellant has not suggested *how*

the verdict denied him the presumption of innocence; nor does he suggest that the jury did not follow the court's instructions. In the absence of such a showing, and in light of the instructions which were given on the subject, we conclude this argument is without merit.

## II.

Appellant next argues the trial court erroneously admitted four photographs of the victim, Elbert Levi. These photographs show, from different views, the nature and extent of some of Levi's injuries. Levi's testimony established the foundation for the admission of these photographs. He identified himself and testified that the photographs accurately depicted his appearance after the robbery. He also testified that, as he recalled, the photographs were taken a few weeks after the incident. When the photographs were offered into evidence, appellant objected, arguing that the photographs were taken at a point in time too remote to make them relevant. The police officer who took the photographs subsequently testified that Levi was mistaken, and that the photographs were actually taken two days after the incident. Appellant now argues the jury was misled because they viewed the photographs believing they depicted two-week-old injuries when, in fact, they depicted two-day-old injuries. Thus, he claims, the risk of inflaming the jury was too high, and the probative value of the photographs too little, to justify admitting the photographs into evidence.

■ The question of the admissibility of photographs is committed to the sound discretion of the trial court. *Rogers v. State,* (1979) Ind., 383 N.E.2d 1035. It is not disputed that Elbert Levi sustained these injuries during this incident, and that appellant Sloan inflicted these injuries upon him. We do not believe the jury could have been misled, or its prejudice improperly aroused, as a result of Levi's apparent confusion as to when the photographs were taken. There is no question that these photographs truly and accurately depict the

victim's wounds, whether those wounds were two days or two weeks old. *See Williams v. State*, (1979) Ind., 393 N.E.2d 183. Even if the wounds were two weeks old, we do not believe the photographs were irrelevant. In this situation, any element of remoteness would affect the weight to be given the photographs, not their admissibility. Further, appellant admitted during his testimony that he severely beat Elbert Levi. In this regard, the only issue was whether Sloan subsequently took Levi's wallet. Appellant did not argue at trial, nor does he argue here on appeal, that the "serious bodily injury" element of Class A robbery was missing. We find no abuse of discretion in the trial court's admission of these photographs into evidence.

Finding no reversible error, we affirm the judgment of the trial court.

All Justices concur.