**Donnie Perry GRESHAM, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 1–780A194.**

Court of Appeals of Indiana, First District.

Dec. 22, 1980.

Dennis R. Majewski, Terre Haute, for defendant–appellant.

Theo. L. Sendak, Atty. Gen., Eric M. Cavanaugh, Deputy Atty. Gen., Indianapolis, for plaintiff–appellee.

RATLIFF, Judge.

## OPINION ON REHEARING

In our opinion handed down November 10, 1980, 412 N.E.2d 118, we reversed the judgment of the trial court and remanded this cause for a new trial. We held that knowledge on the part of a person charged with uttering a forged instrument that the instrument is forged remains an essential element of the offense of uttering a forged instrument under the provisions of our new penal code (Ind.Code 35–43–5–2). We reversed the trial court for refusing defendant's tendered instruction on guilty knowledge as an essential element of the offense which the state must prove beyond a reasonable doubt.[1]

---

1. Since we reversed and remanded for a new trial on this one issue, we did not deal with

Since our opinion was handed down on November 10, 1980, the Supreme Court of Indiana has decided this precise issue otherwise. In *Whitacre v. State*, (1980) Ind., 412 N.E.2d 1202 the defendant claimed error in the court's refusal of his tendered instruction on guilty knowledge. Justice Hunter writing for our Supreme Court stated:

"This instruction was refused by the trial court since it was based upon the former forgery statute which was no longer in effect at the time of the instant crime. It is well settled that a tendered instruction which incorrectly states the law may be refused by the trial court. *Johnson v. State*, (1979) Ind., 387 N.E.2d 1328; *Toliver v. State*, (1978) 267 Ind. 575, 372 N.E.2d 452.

"Defendant further argues, however, that the present statute on forgery omits an essential element of the crime, the requirement that the accused knew that the written instrument uttered was false. He argues that the present statute is ambiguous and should be interpreted as including the element of knowledge of the forgery. The present statute defining the crime of forgery is Ind.Code § 35 43 5 2 (Burns 1979 Repl.) which states:

'A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

'(1) By another person;

(2) At another time;

(3) With different provisions; or

(4) By authority of one who did not give authority; commits forgery, a class C felony.'

"Contrary to defendant's allegations, we find this statute is clear and unambiguous on its face. It intentionally emphasizes the intent to defraud rather than the knowledge of the falsity of the written instrument. We will not interpret a statute which is unambiguous on its face

other questions raised in this appeal.

or add something to a statute which the legislature has purposely omitted." (Citation omitted.)

P. 1205.

We are bound by the pronouncements of our Supreme Court on questions of Indiana law. In view of the holding in *Whitacre*, our previous decision was erroneous. Consequently, we grant appellant State's petition for rehearing in order to issue a new opinion consistent with the holding of our Supreme Court in *Whitacre* and to decide all of the issues raised by Gresham in his appeal.

ROBERTSON, P. J., and NEAL, J., concur.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Donnie Perry Gresham appeals from a conviction of forgery, a class C felony,[1] pursuant to the verdict rendered following trial by jury. Gresham was sentenced to the Indiana Department of Correction for a fixed term of five (5) years.[2] Our previous opinion handed down November 10, 1980 reversed the judgment of the trial court and remanded for a new trial. The State filed a timely petition for rehearing. Because the decision of the Supreme Court of Indiana in *Whitacre v. State* (1980) Ind., 412 N.E.2d 1202 rendered our opinion erroneous, we granted rehearing. This opinion supersedes our prior opinion in this case.

### STATEMENT OF FACTS

The facts as gleaned from the evidence most favorable to the State show that on September 29, 1979, Gresham presented a check payable to one Paul R. Toulson and purportedly drawn by Herbert Joseph Owens to a teller at the Terre Haute Savings Bank, requesting cash for the check. Gresham presented two credit cards issued in the name of Paul R. Toulson for identification. The teller compared the drawer's signature on the check with Owens' signature card and found them to be dissimilar. She then called Owens and learned that he had not written such a check. The police were called to the bank. Gresham attempted to leave, but was arrested. The check which Gresham attempted to pass was in fact a forgery.

At the trial Gresham was identified as the person who presented the check for payment by three employees of the bank.

### ISSUES

Gresham raises the following issues for our consideration in this appeal:

(1) whether the trial court erred in refusing Gresham's tendered Instruction No. 7 that knowledge on the part of the defendant that the check was forged is an essential element of the offense;

(2) whether the court erred in refusing Gresham's tendered Instruction No. 4 relating to circumstantial evidence; and

(3) whether the court erred in denying Gresham's motion for a directed verdict on the forgery charge.

### DISCUSSION AND DECISION

*Issue One*

■ The statute pertaining to forgery, IC 35 43 5 2, defines two distinct crimes. The first is the actual forging of the instrument. The second is uttering a forged instrument. W. A. Kerr, "Survey of Recent Developments in Indiana Law, I. Foreward: Indiana's Bicentennial Criminal Code," 10 Ind.L.Rev. 1, 24, (1976). It is apparent here from the charging information and the evidence that Gresham was charged and tried for uttering a forged instrument.

Gresham tendered his Instruction No. 7 reading as follows:

---

1. Ind.Code 35-43-5 2.

2. This is the standard or presumptive sentence for class C felonies pursuant to Ind.Code 35 · 50 2 6.

"You are instructed that to sustain a conviction for Forgery, the State must prove that the defendant had knowledge that the instrument was forged.

"If the State fails to prove that defendant had knowledge that the check was forged, you must acquit the defendant."

This instruction was refused by the court.

A similar instruction was tendered and refused in *Whitacre v. State, supra.* Our Supreme Court held such instruction was properly refused. Justice Hunter writing for our Supreme Court at page 1205 stated:

"Defendant's tendered instruction No. 1 read:

'In order to prove uttering a forged instrument, it is necessary that the State of Indiana establish beyond a reasonable doubt that the Defendant offered a forged instrument, knowing it to be such, with the representation that it was genuine and that in doing so he had intended to defraud.'

"This instruction was refused by the trial court since it was based upon the former forgery statute which was no longer in effect at the time of the instant crime. It is well settled that a tendered instruction which incorrectly states the law may be refused by the trial court. [Citations omitted.]

"Defendant further argues, however, that the present statute on forgery omits an essential element of the crime, the requirement that the accused knew that the written instrument uttered was false. He argues that the present statute is ambiguous and should be interpreted as including the element of knowledge of the forgery. The present statute defining the crime of forgery is Ind.Code § 35–43–5–2 (Burns 1979 Repl.) which states:

'A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

'(1) By another person;

(2) At another time;

(3) With different provisions; or

(4) By authority of one who did not give authority; commits forgery, a class C felony.'

"Contrary to defendant's allegations, we find this statute is clear and unambiguous on its face. It intentionally emphasizes the intent to defraud rather than the knowledge of the falsity of the written instrument. We will not interpret a statute which is unambiguous on its face or add something to a statute which the legislature has purposely omitted. [Citations omitted.]"

Therefore it was not error to refuse Gresham's tendered instruction number 7.

*Issue Two*

■ Gresham also asserts as error the refusal of his tendered instruction number 4 which reads as follows:

"If the State of Indiana relies on circumstantial evidence to prove its case, such evidence must be so conclusive as to exclude every theory or supposition of innocence."

In the recent case of *Ball v. State,* (1980) Ind.App., 406 N.E.2d 305, this court carefully reviewed the law in this state pertaining to the necessity of an instruction on circumstantial evidence of the tenor of Gresham's tendered instruction number 4. In *Ball,* we said where the evidence of guilt is *wholly* circumstantial it is error to refuse an instruction that "[i]t is not enough that the circumstances be consistent with the hypothesis of guilt; they must be of so conclusive a character, and point so surely and unerringly to the guilt of the accused, as to exclude every reasonable hypothesis of innocence." *Id.* at 307. *Ball* further held that where the evidence is part circumstantial and part direct no such precautionary instruction is required. Judge Neal writing for this court said:

"However in *Faught v. State,* (1979) Ind., 390 N.E.2d 1011, 1017, our Supreme Court said:

'Instructions upon circumstantial evidence are not required to be given where the evidence of guilt is direct and positive or where some is direct and some is circumstantial. . . .'

"Therefore, the refusal of an instruction regarding circumstantial evidence in the case at bar was not error because of the mixed nature of the evidence which included direct eyewitness testimony." *Id.* at 308.

This case is governed by the rule stated in *Ball.* The evidence of guilt was not wholly circumstantial. In fact, the evidence was part direct and part circumstantial. Consequently, it was not error to refuse Gresham's tendered instruction number 4.

*Issue Three*

 Gresham next contends the trial court erred in denying his motion for a directed verdict.[3] The rule applicable to such a contention is that "[a] directed verdict of acquittal is given only if there is a complete lack of evidence on some essential element or if the evidence supports only one inference and that inference is in favor of the defendant." *Allen v. State,* (1980) Ind. App., 406 N.E.2d 976, 978; *Estep v. State,* (1979) Ind., 394 N.E.2d 111, 114 15. It has also been stated that assigning as error the trial court's denial of a motion for a directed verdict of acquittal is but another way of challenging the sufficiency of the evidence. *Jackson v. State,* (1980) Ind., 402 N.E.2d 947. When the issue of the sufficiency of the evidence to support a conviction is raised on appeal, we will neither weigh the evidence nor determine the credibility of witnesses. Rather, we will consider only the evidence most favorable to the state, together with all reasonable inferences drawn therefrom, and if from that evidence and those inferences a reasonable trier of fact could find the existence of each element of the crime beyond a reasonable doubt, we will affirm the conviction. *Allen v. State, supra; Thompson v. State,* (1979) Ind., 386 N.E.2d 682. Applying these tests to the evidence in this case, it is clear the court did not err in denying Gresham's motion for a directed verdict of acquittal. There clearly was not a total lack of evi-

dence upon some essential element of the offense, and the evidence did support inferences favorable to the state. Further, there was evidence of probative value from which a reasonable trier of fact could have found Gresham guilty of the offense charged. Consequently, the conviction cannot be disturbed.

Judgment affirmed.

ROBERTSON, P. J., and NEAL, J., concur.

---

**3.** Such a motion is properly designated a motion for judgment on the evidence. Ind.Rules of Procedure, Trial Rule 50.